(No. 34426.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN W. BROWN, Plaintiff in Error.

*Opinion filed January 24, 1958.*

John W. Brown, *pro se.*

Latham Castle, Attorney General, of Springfield, and Charles J. Ryan, State's Attorney, of Jacksonville, (Fred G. Leach, and William H. South, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Plaintiff in error pleaded guilty to the crime of larceny of a motor vehicle in the circuit court of Morgan County and was sentenced to the penitentiary for a term of not less than one nor more than ten years. He has sued out a writ of error from this court to review the judgment of conviction, bringing before us the common-law record only.

Plaintiff in error assigns as error the fact that the record does not contain a written waiver of jury trial. There is no requirement that a waiver of right to trial by jury be in writing. (*People* v. *Deese,* 402 Ill. 200.) The transcript of the proceedings at petitioner's arraignment clearly shows that petitioner was advised that he was entitled to a jury trial and that he pleaded guilty after a proper admonishment by the court.

It is also urged as a basis for reversal that the record fails to show that the trial court heard evidence in mitigation and aggravation. Where a defendant, before pleading guilty, is admonished by the court as to the effect of his plea and the punishment which might be inflicted, it is unnecessary for the record to affirmatively show that evidence was heard in mitigation or aggravation of the offense. *People* v. *Clifton,* 408 Ill. 475.

Plaintiff in error next contends the judgment of conviction should be reversed because the complaint and warrant before the justice of the peace shows that his name was originally typewritten therein as James Brown, and that the first name "James" was stricken out and the first name "John" was inserted. He also objects that the name of the owner of the car appeared in the complaint and warrant as Guy McClenning whereas in the indictment it appears as Gordon McClenning. In view of the plea of guilty, this contention is not open for consideration on writ of

error. A plea of guilty waives technical irregularities in prior proceedings.

Plaintiff in error complains that on the back of the indictment the word "forgery" had been crossed out and the words "larceny of a motor vehicle" substituted; and that the indictment fails to allege "sufficient facts upon which to base a trial." The indictment adequately charges a crime. Objections of the kind now sought to be made must be raised first by an appropriate motion in the trial court, and the ruling thereon must be preserved by a bill of exceptions. The record not only fails to show such a motion and ruling, but discloses instead a plea of guilty. The alleged defects cannot, therefore, be considered by this court. *People* v. *Corbett*, 387 Ill. 41.

It is contended that the evidence was insufficient. Under a plea of guilty it is unnecessary to make any proof of a defendant's guilt and this assignment has no merit. *People* v. *Terry*, 12 Ill.2d 56.

The final contention advanced by plaintiff in error is that the trial court erred in failing to ask him whether he had anything further to say why sentence should not be pronounced against him. There is no requirement that the court make such an inquiry after a finding of guilty.

We have considered all of the assignments of error set forth by plaintiff in error and are of the opinion that the judgment of conviction was proper. The judgment of the circuit court of Morgan County is affirmed.

*Judgment affirmed.*