**People of the State of Illinois, Plaintiff-Appellee, v. Norma Ford, Defendant-Appellant.**

Gen. No. 63–M–16.

Fourth District.

September 30, 1963.

Robert H. Rice, of East St. Louis, for appellant.

Dick Mudge, Jr., State's Attorney, of Edwardsville, for appellee.

SCHEINEMAN, J.

Defendant appeals from an order of the circuit court dismissing her appeal from the police magistrate court of Edwardsville and awarding procedendo, thereby putting into effect the $500 fine and one year jail sentence imposed by the police magistrate. The state's attorney has not filed any brief on this appeal.

The defendant contends that her case was listed for jury trial, that she was present with her attorney ready for trial, but the judge deferred it and at his apparent suggestion she asked for a continuance with no specific date set.

Some months later the attorney learned that the sheriff was looking for his client and upon making inquiry he was informed that the court had tried the case without a jury, without the defendant present, she being at liberty under $2,000 bail. There was no actual hearing; the state had announced ready for trial, the defendant was called three times, and thereupon the court ordered the appeal dismissed and procedendo to issue.

When defense counsel learned of the dismissal, he filed a sworn motion (within the 30-day limit) which set forth that, when the case was called for trial the defense announced, "ready for trial"; that the cause was continued generally by the State; that defendant and her counsel had not been advised the case was reset.

The court record recites the case was continued at the defendant's request "and by agreement." The plain fact remains that no evidence was heard, and, as noted, the court simply dismissed the appeal with procedendo.

■■ The claim that the defense had been ready at a previous call of jury cases, and had not been informed of a resetting was not traversed by the State and indicates a denial of constitutional rights. The right to a jury trial exists in all criminal cases, whether they be felonies or misdemeanors. "Upon the trial court is imposed the duty to see that an accused person's election to forego such a trial is not only expressly but also understandingly made. The performance of that duty involves a responsibility which cannot be perfunctorily discharged." People v. Fisher, 340 Ill 250, 172 NE 722.

The former rule that the waiver of jury had to be written is no longer in force. People v. Brown, 13 Ill 2d 32, 147 NE2d 336. However, in that case the court noted there was a transcript of the arraignment which showed the defendant had been advised of his right

to a jury trial, and that he pleaded guilty after a proper admonition by the court. Nothing of that nature appears in this case.

There are special situations in which a trial *in absentia* has been sustained, but none like this. In one case a defendant had been granted a continuance, not just once, but several times, and the case was listed finally for jury trial and defense counsel notified, but it took several days to locate and bring in the client, during which the court proceeded with the trial. The Supreme Court recognized that there was some negligence on the part of defendant and his counsel, but reversed with this admonition:

> "For generations our law has shown an anxious concern lest any semblance of trial *in absentia* be sanctioned. . . . That concern is not satisfied by an argument that does no more than disclaim the State's responsibility for the defendant's absence. And we should not be quick to hold that the delinquencies of the defendant will work a forfeiture of a right that has been so carefully safeguarded." People v. Evans, 21 Ill2d 403, 172 NE 2d 799.

For the reasons given, the judgment is reversed and the cause remanded for a proper trial, and by jury unless waived.

Reversed and remanded.

CULBERTSON, PJ and HOFFMAN, J, concur.