**People of the State of Illinois, Plaintiff-Appellee, v. Harold E. Long, Defendant-Appellant.**

Gen. No. 66–26.

Second District.

November 22, 1966.

Knight, Ingrassia & Schirger, of Rockford, for appellant.

John L. Moore, State's Attorney of Ogle County, of Oregon, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court of Ogle County. On the evening of January 27, 1966, at approximately 8:00 p. m., Harold E. Long, the defendant, was involved in an automobile accident in Ogle County. From all of the evidence before us, it is apparent he was under the influence of alcohol. He was taken from the scene of the accident to a hospital where minor cuts were administered to and from there he spent the night as a guest of the county in jail. The next morning he was taken before the court to answer to an information which had been served upon him, charging him with the offense of operating a motor vehicle while under the influence of an intoxicating beverage.

Long was asked if he had received a copy of the information and if he had read it. To this he answered, "I haven't got a very good education." His education had not extended beyond the fourth grade, and he said he "could not read to amount to anything." The information was then read to him. He said he understood it. Long pleaded not guilty to the charge against him.

He was asked if he wished to be represented by counsel. This he declined. Without further explanation of the charges against him, and of the penalties provided should he be found guilty, nor of any of his other rights, the court proceeded to trial without a jury. At the conclusion of the testimony, Harold E. Long, was found

■■■■■■

guilty and sentenced to six months at the Illinois State Farm at Vandalia. The following day he commenced serving this sentence.

During the following week, the family secured counsel for him and a motion for a new trial was filed. This motion the court denied without a hearing. Against the defendant's contention that the procedure here denied him of his constitutional rights to a fair trial, the State urges that the defendant being sui juris and mentally competent had the right to conduct his defense without the assistance of counsel. In examining the record before us, we find that the defendant was asked if he wished to have an attorney to represent him, but was not advised of his right of counsel. The information was read to him, but the consequences and penalties provided were not explained to him.

From the record before us, we cannot say that the defendant waived the right to counsel and proceeded to immediate trial with the full knowledge and understanding either of the charges against him or of the rights he was waiving when he proceeded to trial without counsel. The defendant was illiterate. In view of the haste with which he was brought to trial on a charge involving intoxication, we could question whether he was fully sober at the time of the trial.

We are of the opinion that the procedure here violated the defendant's right to a fair trial provided him by the provisions of section 2 of article II of the Illinois Constitution and by section 1 of the Fourteenth Amendment to the Constitution of the United States. The People v. Lewis, 413 Ill 116, 122, 108 NE2d 473 (1952).

■■ The waiver of the right to counsel and other constitutional rights must be knowingly and intelligently made. The People v. Bush, 32 Ill2d 484, 488, 207 NE2d 446 (1965); People v. Stevens, 68 Ill App2d 265, 271–273, 215 NE2d 147 (1966); People v. King, 30 Ill App2d 264, 268, 174 NE2d 213 (1961).

█ We are of the opinion that the defendant did not knowingly and understandingly waive his right to counsel or that he was fully advised of the charges against him and the penalties which could be imposed upon him.

In view of our reversal we do not deem it necessary to pass upon the evidentiary errors urged. We are of the opinion that this case must be reversed and remanded for a new trial.

Reversed and remanded.

MORAN, P. J. and SEIDENFELD, J., concur.