**The People of the State of Illinois, Plaintiff-Appellee, v. Sotirios T. Manikas, Defendant-Appellant.**

Gen. No. 67–11M.

Second District.

October 25, 1967.

Klein, Thorpe, Kasson and Jenkins, of Chicago (C. Kasson, of counsel), for appellant.

William V. Hopf, State's Attorney of DuPage County, of Wheaton, and Kevin P. Connelly, Assistant State's Attorney, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

The defendant was charged with driving a vehicle while his license was revoked for which the penalty is a mandatory minimum imprisonment of seven days and

a maximum sentence of one year "and there may be imposed in addition thereto a fine of not more than $1,000." (Ill Rev Stats 1965, c 95½, § 6–303(a).) He was further charged with speeding. Upon a plea of guilty to both charges before a magistrate, he was sentenced to 60 days in the county jail under the offense of driving while his license was revoked. It is from this judgment alone that he appeals.

The defendant claims that his plea of guilty was invalid because, (1) he was not advised of his right to counsel, (2) he was not advised of his right to remain silent, and (3) the admonition given by the court as to the consequence of his plea was improper.

On October 25, 1966, the date of hearing, the defendant appeared without counsel. He had previously entered a plea of not guilty and waived trial by jury. On this date the State moved to nolle prosequi a third charge lodged against the defendant and thereafter the following colloquy between the magistrate and the defendant took place:

"The Court: That leaves us with two charges then: One charge of driving while license revoked and the other charge of speeding 80 miles an hour in a 65 mile an hour zone.

"Mr. Manikas, do you have an attorney to represent you or do you wish to represent yourself?

"Mr. Manikas: I am here myself.

"The Court: You have waived trial by jury and entered pleas of not guilty to both of these charges?

"Mr. Manikas: Not guilty. I told him I was driving with a permit on that day, and I drove out of the city.

"The Court: Did you plead not guilty?

229

"Mr. Manikas: I didn't say nothing.

"The Court: Do you want to plead not guilty and have the case proved by the State?

"Mr. Manikas: Well, actually I was driving. I was speeding and I was driving on—

"The Court: At the time you were driving did you have a revoked license or suspended license?

"Mr. Manikas: Yes; but I have a permit to drive in the city but not outside the city.

"The Court: Were you speeding 80 Miles per hour in a 65 mile an hour zone?

"Mr. Manikas: (No response.)

"The Court: Were you speeding?

"Mr. Manikas: Yes.

"The Court: Do you want to change your plea from not guilty to guilty?

"Mr. Manikas: All the time from the beginning I didn't say I was not guilty. I have a permit—you know, I can drive in the city. My license was revoked for—

"The Court: On the charge of driving with license revoked, do you wish to change your plea of not guilty to guilty; or do you want to stay with your plea of not guilty?

"Mr. Manikas: I say it is guilty. I was driving in places I was not supposed to drive.

"The Court: Let the record show that the defendant is withdrawing his plea of not guilty and pleading guilty to the charge.

"Now, Mr. Manikas, before I accept your plea, I must advise you that you can go to jail from 7 days to one year and be fined up to $1,000. That is the maximum in each case.

230

"Knowing that, do you still wish to plead guilty to the charge?

"Mr. Manikas: (No response.)

"The Court: That is the maximum penalty if you are found guilty or if you plead guilty.

"Mr. Manikas: Yes.

"The Court: On the speeding charge, you could be fined up to $100. Knowing that, do you still wish to plead guilty to that charge?

"Mr. Manikas: Yes.

"The Court: I will accept a plea of guilty on both charges."

Thereafter, evidence of aggravation and mitigation was heard resulting in the judgment from which this appeal is taken.

 Our Supreme Court in the case of People v. Bush, 32 Ill2d 484, 207 NE2d 446 (1965) summarized to a large extent the present law concerning an accused's right to counsel when it stated, at pages 487 and 488, the following:

"There can be no question but that one accused of a felony is entitled to the assistance of counsel. (Gideon v. Wainwright, 372 US 335, 9 L ed2d 799, 83 S Ct 792). However, this right may be waived (People v. Robinson, 27 Ill2d 289; People v. Kenzik, 22 Ill2d 567) and the right of a defendant to represent himself when the choice is intelligently made is as fundamental as his right to be represented by counsel. (People v. Sinko, 21 Ill2d 23.) A finding of waiver is not lightly to be made (Moore v. Michigan, 355 US 155, 161, 2 L Ed2d 167, 78 S Ct 191, 195) and the *record must show* that an accused was *offered* counsel *and* that he *intelligently* and *understandingly* rejected the offer. (Carnley v. Cochran,

231

369 US 506, 516, 8 L ed2d 70, 82 S Ct 884, 890; Johnson v. Zerbst, 304 US 458, 464, 82 L Ed 1461, 58 S Ct 1019, 1023.) In order that the court may be sure than an accused fully understands his right to counsel and intentionally relinquishes that right, *something more than a routine inquiry by the court is required.* (Von Moltke v. Gillies, 332 US 708, 724, 92 L ed 309, 68 S Ct 316, 323.)" (Emphasis added.)

As was stated in Carnley v. Cochran, 369 US 506, 516, 82 S Ct 884, 890 (1962):

> "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver."

The State argues that the right to the advice of counsel applies only to those criminal cases where the defendant is found to be indigent. From this false premise it then suggests to the court that during the hearing on aggravation and mitigation, which took place after the plea of guilty had been entered, it was disclosed that the defendant was employed and able to engage his own counsel, the proof of the pudding being that he engaged private counsel in this appeal. It then concludes, at page 8 of its brief:

> "It is without doubt that in failing to determine the right of the defendant to 'provided counsel,' and advise him of this potential right, the court left itself open to error, but the record in the instant case discloses that in fact no error was committed; defendant had no underlying right to 'provided counsel.' "

232

With this reasoning we cannot agree. The theory of the State that the end justifies the means has no foundation in law. The right to the assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Section 9, Article II of the Illinois Constitution is not based upon whether the defendant is rich or poor. It is a right with which we are all endowed. Through interpretation by the reviewing courts this guarantee has been extended to include the furnishing of counsel to the indigent accused as a supplement to this right. Also, through interpretation by courts of review, a rule of law has evolved which makes it a duty upon the trial court to advise the accused, not only of his right to trial by jury, but also his right to the assistance of counsel.

█ In the case before us, the magistrate never *advised* the defendant that he had a right to have counsel present before proceeding. The record discloses that the only time counsel was mentioned was when the court asked ". . . do you have an attorney to represent you or do you wish to represent yourself?", to which the defendant replied, "I am here myself." The question of indigency was never reached. The point is that in all criminal cases where the penalty for the offense imposes confinement, the court must advise the defendant that he has a right to have counsel present before proceeding with the case. It is from this point on that the court makes a determination as to whether the accused desires to employ counsel of his own choice or appoints counsel after finding the accused to be indigent or that the accused has knowingly and intelligently waived counsel.

█ The issue in the case at bar is not whether the defendant was indigent at the time he entered his plea, as suggested by the State, but did the defendant knowingly and intelligently waive his right to have counsel pres-

233

ent. We are of the opinion that he did not. Failure to do so constitutes reversible error. People v. Long, 77 Ill App2d 124, 126, 221 NE2d 507 (1966) ; People v. Fletcher, 74 Ill App2d 387, 220 NE2d 70 (1966) ; Gibson v. District of Columbia (DC App), 221 A2d 715 (1966) ; McDonald v. Moore, 353 F2d 106 (1965). Failure to advise the defendant in the case at bar of his right to the assistance of counsel, rendered the plea of guilty to the offense here under appeal and the judgment of conviction and sentence, constitutionally invalid.

We assume that if there is merit to the remaining two alleged errors claimed by the defendant that the same will not recur upon retrial and it is therefore not necessary to consider them here.

The judgment appealed from is reversed and the cause is remanded for a new arraignment and further proceedings consistent with the views expressed herein.

Reversed and remanded.

DAVIS, P. J. and ABRAHAMSON, J., concur.