**People of the State of Illinois, Plaintiff-Appellee, v. Connie A. Brown, Defendant-Appellant.**

**Gen. No. 52,569.**

First District, Second Division.

July 30, 1968.

Edward J. Bieg, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Theodore A. Shapero, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal by the defendant, Connie A. Brown, from his conviction for a traffic violation. On March 26, 1967, the defendant was stopped by Officer D. Jones of the Elk Grove Village Police Department and, on the officer's complaint, issued a notice to appear for his operation of a motor vehicle at an excessive rate of speed. The complaint, as issued, recited that defendant had driven his vehicle at a speed of 57 miles per hour in a posted 45 mile per hour sector on Devon Avenue at Salt Creek Road (east of Arlington Heights Road) in Elk Grove Village, Illinois, and charged defendant with a

violation of section 49 (a) (2) of the Uniform Act Regulating Traffic. Ill Rev Stats (1965) c 95½, par 146.[1]

Defendant subsequently made his appearance on May 5, 1967, in the Third Municipal District of the Circuit Court of Cook County to answer to the charge. He was without legal counsel. There is no factual dispute that defendant was first duly arraigned and informed of the nature and possible consequences of the charge brought against him. Having been so advised, defendant entered a plea of not guilty to the charge and was thereupon apprised by the court of his right to be tried by a jury. Defendant elected to waive the jury trial and submitted his cause to be heard by the magistrate.

The case then proceeded to trial on the testimony of Police Officer Jones and that of defendant himself. At the close of all the evidence, the court returned a finding of guilt on the charge of speeding and imposed a fine upon defendant of $10 together with $5 in costs pursuant to Ill Rev Stats (1965) c 95½, par 234.[2] The court thereafter entered judgment on its finding. It is from the court's denial of defendant's subsequent motion on May 25, 1967, to vacate the judgment and order a new trial that he prosecutes this appeal.

No questions are raised relative to defects in the complaint which serves here in lieu of an indictment or information (Ill Rev Stats (1967) c 38, pars 111–1, 111–2) ; or are otherwise directed to improprieties or insufficiencies in the State's evidence to support defendant's conviction on the charge.

The sole and limited issue presented for determination by this appeal is whether by virtue of Article II, Section 9 of the Illinois Constitution, and Supreme Court Rule

[1] Since twice amended by HB 370 (Act 495), approved July 7, 1967; and HB 1582 (Act 669), approved July 24, 1967.

[2] Since amended by HB 1606 (Act 1221), approved August 17, 1967.

401(b) (formerly Supreme Court Rule 26(3) without modification or change), the trial court was charged with a duty to effectively advise the accused of his right to assistance of counsel at the onset of these proceedings. We do not understand the State to argue that defendant had, in some manner, been so advised, or that having been advised, the defendant knowingly and understandingly waived his right to have been represented by counsel.

Considered accordingly, the espoused proposition is one said to fall within the direct realm of application of Supreme Court Rule 401(b) which became effective on January 1, 1967, and was in force on the date of defendant's hearing. That rule provides:

> "The court shall not permit a plea of guilty or waiver of indictment or of counsel by any person accused of a crime for which, upon conviction, the punishment *may be imprisonment in the penitentiary,* unless the court finds from proceedings had in open court at the time waiver is sought to be made or plea of guilty entered, or both, as the case may be, that the accused understands he has a right to be held to answer for the offense on indictment by a grand jury and has understandingly waived that right and consented to his prosecution by information, that he understands the nature of the charge against him, and the consequences thereof if found guilty, and understands he has a right to counsel, and understandingly waives that right. . . ."

(Ill Rev Stats (1967) c 110A, par 401(b)). (Emphasis supplied.)

Followed to its logical conclusion, it becomes apparent that the charge asserted against defendant, irrespective of the lower court's eventual disposition on the matter, could have, under no circumstances, authorized a com-

mitment of imprisonment to the penitentiary, as is contemplated by the above rule.

 A felony denotes only those offenses punishable with death or by imprisonment in the penitentiary, whereas a misdemeanor is defined as any offense, other than a felony, including conduct prohibited by a statute which makes no provision for penalty for its violation. Ill Rev Stats (1967) c 38, pars 2–7, 2–11. Here, section 49(a)(2) of the Uniform Act Regulating Traffic, which is advanced as the basis of the charge against defendant, sets forth no penalty for the conduct it prohibits. Accordingly, section 137 of that same Act becomes controlling in this respect. It states:

> "(a) It is a misdemeanor for any person to violate any of the provisions of this Act unless such violation is by this Act or other law of this State declared to be a felony.
> "(b) Every person convicted of a misdemeanor for a violation of any of the provisions of this Act for which another penalty is not provided shall for first conviction thereof be punished by a fine of not less than $1.00 nor more than $100.00; for a second such conviction within the 1 year thereafter such person shall be punished by a fine of not less than $25.00 nor more than $200.00; upon a third or subsequent conviction within 1 year after the first conviction such person shall be punished by a fine of not less than $100.00 nor more than $300.00."

(Ill Rev Stats (1965) c 95½, par 234.)

 It is thus self-evident from the foregoing provision for penalty that the offense under consideration involves a misdemeanor punishable by the imposition of a fine only. We furthermore do not take our statutory

247

provisions for the working out of unsatisfied fines to frustrate the conclusion that, under no circumstances, could confinement in the penitentiary result from a conviction on the instant charge. Ill Rev Stats (1967) c 38, par 1–7(k). It is moreover an accepted rule of statutory construction that the omission of a place of confinement in a penal statute raises a conclusive presumption that the confinement shall be in the county jail. People v. O'Connor, 4 Ill2d 403, 122 NE2d 806 (1954). See Ill Rev Stats (1967) c 38, par 1–7(1).

With this background, we consider the cases of People v. DuPree, 97 Ill App2d 327, 240 NE2d 414 (1968) (battery); People v. Garrett, 43 Ill App2d 183, 193 NE2d 229 (1963) (resisting arrest and aggravated assault); People v. Howard, 41 Ill App2d 128, 190 NE2d 3 (1963) (petty theft); and People v. Bill, 33 Ill App2d 432, 179 NE2d 429 (1961) (driving while intoxicated), all involving misdemeanor offenses wherein there existed the possibility of imprisonment in other than the penitentiary, as dispositive of the point urged by this appeal.

By our interpretation of the above cited authorities in relation to the requirements of Supreme Court Rule 401 (b), we can find no constraint by which this court on review could, with justification, charge the lower tribunal with the duty to inform defendant of his right to counsel pursuant to that rule. Clearly, the offense involved is a misdemeanor which makes neither a mandatory nor discretionary provision for imprisonment under the statute within the normal course of events. Under no circumstances could confinement in the penitentiary result. Viewed moreover from an ad hoc standpoint, defendant has demonstrated no peculiar circumstances suggestive of the conclusion that he has been denied due process of law.

Defendant's relied upon authority of People v. Long, 77 Ill App2d 124, 221 NE2d 507 (1966) and the subsequent case of People v. Manikas, 87 Ill App2d 227, 230 NE2d

577 (1967), both coming from the Second District Appellate Court, are factually inapposite on the instant case. Both cases involved vehicular violations whereby provisions were made for imprisonment. In Long, the defendant had not been advised of his right to counsel. Unlike the case before us however, there the record showed the accused to be an illiterate who had not been advised of the possible consequences of a conviction on the charge brought against him. In Manikas, by the vehicular statute involved, imprisonment upon a conviction was mandatory. Expanding upon its earlier decision in Long, the court held:

"... in all criminal cases *where the penalty for the offense imposes confinement,* the court must advise the defendant that he has a right to have counsel present before proceeding with the case. ..." (Emphasis supplied.)

█ In the case at bar, no punishment other than a fine is prescribed by the statute, nor could imprisonment in the penitentiary result from defendant's failure to pay the fine imposed. Consequently, we cannot say that the lower court was bound by a duty to effectively advise defendant of his right to assistance of counsel. People v. DuPree, supra.

For the above reasons, the judgment is affirmed.

Judgment affirmed.

BURKE, P. J. and McNAMARA, J., concur.