**People of the State of Illinois, Appellee, v. Joseph Basile, Appellant.**

**Gen. No. 52,417.**

First District, Second Division.
October 1, 1968
Supplemental opinion June 17, 1969.

Harvey J. Powers, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Theodore A. Shapero, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant, Joseph Basile, was charged with committing a battery, in violation of chapter 38, § 12–3–a of the Ill Rev Stats (1963). After a bench trial, he was found guilty and sentenced to 30 days in jail. Defendant appeals, contending that the judgment should be reversed and the cause remanded for a new trial, because he did not knowingly and intelligently waive his constitutional rights to the assistance of counsel and trial by jury.

There was no verbatim transcript of the proceedings, nor has defendant provided a proposed report of proceedings as permitted by Supreme Court Rule 323(c).

The record indicates that defendant was arrested upon the complaint of one Barbara J. Wynn, who alleged that defendant had struck her on or about December 12, 1966. He appeared in court on February 10, 1967, and after pleading not guilty was found to have committed the offense charged. The judgment order of February 10, 1967 indicates that defendant was advised of his right to trial by jury, and that he elected to waive that right. The order is silent as to whether defendant was given any advice as to his right to counsel, but indicates that he appeared without counsel.

After the trial and judgment, defendant, by his present counsel, presented motions for a new trial and in arrest of judgment. The motion for a new trial alleged that defendant was deprived of his constitutional right to counsel. The motions were denied by the court on March 28, 1967, and this appeal follows.

■ Defendant first contends that he did not knowingly waive his right to trial by jury. Since defendant has not seen fit to provide us with a report of proceedings, we are not informed of what transpired except by the record itself. This shows a waiver of trial by jury. Defendant argues that a formal signed waiver is necessary, and that no such written waiver was obtained. The Supreme Court has held that a jury waiver need not be in writing. People v. Brown, 13 Ill2d 32, 147 NE2d 336 (1958). We therefore hold that defendant was advised of his right to trial by jury, and that he waived that right.

Defendant next contends that he did not knowingly waive his right to the assistance of counsel. The State contends that where the crime charged is not a felony but only a misdemeanor, the court has no duty to inform defendant of his right to counsel. Defendant contends that even when a misdemeanor is involved, defendant

must be offered the assistance of counsel, citing People v. Manikas, 87 Ill App2d 227, 230 NE2d 577 (2nd dist, 1967), which so held.

Rule 401(b) of the Illinois Supreme Court provides that:

> "The court shall not permit a plea of guilty or waiver of indictment or of counsel by any person accused of a crime for which upon conviction, the punishment may be imprisonment in the penitentiary, unless the court finds from the proceedings had in open court at the time waiver is sought to be made or plea of guilty entered, or both as the case may be, that the accused understands he had a right to be held to answer for the offenses on indictment by a grand jury and has understandingly waived that right . . . and understands he has a right to counsel, and understandingly waives that right."

Felony is defined in Ill Rev Stats c 38, § 2–7 as ". . . an offense punishable with death or imprisonment in the penitentiary." Misdemeanor is ". . . any offense other than a felony . . ." Ill Rev Stats c 38, § 2–1. Battery, the offense charged in the instant case, is a misdemeanor.
█ Recently this court has held that where a defendant is charged only with a misdemeanor the trial court is under no duty to inform him of his right to the assistance of counsel. People v. DuPree, 97 Ill App2d 327, 214 NE2d 414 (1968) ; People v. Brown, 99 Ill App2d 243, 240 NE2d 173 (1968). In the DuPree case, we discussed People v. Manikas, supra, and we chose not to follow it.

Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

BURKE, P. J. and LYONS, J., concur.

## SUPPLEMENTAL OPINION

Subsequent to the filing of our opinion and while a petition for rehearing was pending in the instant case, our Supreme Court has considered one of the issues raised by defendant here: whether he was improperly denied his constitutional right to the assistance of counsel. In People v. DuPree, 42 Ill2d 249, 246 NE2d 281 (1969), affirming 97 Ill App2d 327, 240 NE2d 414, the court held that where defendant was charged with a misdemeanor, which is not punishable by a penitentiary sentence, and where he made no request for counsel, there was no violation of defendant's rights by failure of the record to recite that he was apprised of and expressly waived his right to counsel.

Therefore we adhere to our original view of the proceedings, and the judgment of the Circuit Court is affirmed.

Judgment affirmed.

LYONS, P. J. and BURKE, J., concur.