(Docket No. 41572.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
LLOYD E. DUPREE, Appellant.

*Opinion filed March 27, 1969.*

WARD, J., took no part.

JOHN E. MCKEIGUE, of Hazel Crest, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield,
and EDWARD V. HANRAHAN, State's Attorney, of Chicago,
(FRED G. LEACH, Assistant Attorney General, and ELMER
C. KISSANE, Assistant State's Attorney, of counsel,) for the
People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion
of the court:

Defendant, Lloyd Dupree, was convicted of battery, a
misdemeanor, after a bench trial by a magistrate of the cir-
cuit court of Cook County, and sentenced to two years pro-
bation, the first 90 days to be served at the Illinois State
Farm. The conviction was affirmed by the appellate court
(97 Ill. App. 2d 327), and we granted defendant leave to
appeal.

The issue presented here is whether defendant, charged with a misdemeanor, and tried without counsel, which was neither requested nor expressly waived, was deprived of statutory or constitutional rights.

The facts pertaining to commission of the crime of battery, which defendant allegedly committed upon his former wife, are set forth in the appellate court opinion, and since the sufficiency of the evidence to support the conviction is not questioned, those facts will not be delineated here.

After defendant was found guilty and sentenced, an attorney for defendant appeared and filed a motion for a new trial, the thrust of which was the alleged improper introduction in evidence of defendant's knife and jacket. The motion recited that defendant had no counsel, but made no allegation that he was not apprised of his right to counsel, nor complained that he was thereby deprived of statutory or constitutional rights. Upon denial of that post-trial motion, defendant appealed.

In lieu of a verbatim transcript of the evidence both defendant and the State prepared reports of the proceedings as authorized under Supreme Court Rule 323(c), formerly Rule 36—1(c) (Ill. Rev. Stat. 1967, ch. 110A, par. 323(c),) and the State's report was accepted as the accurate record. That limited record included pleadings, orders and summaries of evidence relating to matters raised in the post-trial motion, and showed that defendant was advised of and waived his right to a jury trial, but did not show whether he was advised of and waived his right to counsel.

The appellate court, in affirming the conviction, held that in a misdemeanor case the magistrate has no duty to advise defendant of a right to counsel under the statutes and rules of the Illinois Supreme Court, and that there was no denial of due process here.

On this appeal defendant reasserts that he was deprived of statutory rights and due process of law because the record does not show his express waiver of counsel. He calls

attention to the conflicting decisions of districts of the appellate court. The State contends that defendant waived the issue of any failure to advise him of his right to counsel by not raising that matter in his post-trial motion; that neither Illinois statutes nor constitutional concepts require the trial judge in a misdemeanor case to advise defendant of a right to counsel and an express waiver of such right; and that defendant's contention would summarily revise Supreme Court Rule 401(b).

This record establishes that defendant was not advised by the court of his right to counsel. That issue was not complained of as error in defendant's post-trial motion filed by his attorney, and is therefore waived. (*People* v. *Touhy,* 31 Ill.2d 236, 240.) Strict application of the waiver concept should be relaxed, however, because the alleged diversity of opinion among the districts of the appellate court warrants adjudication of that issue by this court.

Section 113—3 of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, par. 113—3(a),(b), formerly par. 730,) provides:

"(a) Every person charged with an offense shall be allowed counsel before pleading to the charge. If the defendant desires counsel and has been unable to obtain the same before arraignment the court shall recess court or continue the cause for a reasonable time to permit defendant to obtain counsel and consult with him before pleading to the charge.

"(b) In all cases, except where the penalty is a fine only, if the court determines that the defendant is indigent and *desires counsel,* the Public Defender shall be appointed counsel * * *. [Alternate appointment specified.]" (Emphasis supplied.)

It is patent from the plain words of the statute that this statute envisages that there be a showing that defendant desired and requested counsel. The evidence and contentions here show no such desire or request by defendant. Therefore

we perceive no violation of this provision of the Code of Criminal Procedure.

The rights delineated in the foregoing section 113—3 of the Code of Criminal Procedure are further qualified by Supreme Court Rule 401(b), formerly Rule 26(3). (Ill. Rev. Stat. 1967, ch. 110A, par. 401(b).) That rule provides: "The court shall not permit a * * * waiver of * * * counsel by any person accused of a crime for which, upon conviction, the punishment may be imprisonment in the penitentiary, unless the court finds from the proceedings had in open court at the time waiver is sought to be made * * * that the accused * * * understands he has a right to counsel, and understandingly waives that right. The inquiries of the court, and the answers of the accused to determine whether he understands his rights * * * to be represented by counsel * * * shall be taken and transcribed and filed in the case. The transcript, when filed, becomes a part of the common-law record in the case."

The crime with which defendant here is charged is "battery," defined as a misdemeanor, and subject to a maximum sentence of six months in a penal institution, "other than the penitentiary," and a $500 fine. (Ill. Rev. Stat. 1967, ch. 38, par. 12—3.) The clear implication of Supreme Court Rule 401(b) requiring express waiver of counsel only for offenses punishable by imprisonment in the penitentiary is that no such express waiver is required for offenses not punishable by penitentiary confinement as involved here.

The precise issue involved herein has not been adjudicated in any case decided by this court. *People* v. *Bonner,* 37 Ill.2d 553, *cert.* den. 392 U.S. 910, 20 L. Ed. 2d 1368, 88 S. Ct. 2067, cited by defendant in oral argument, is not dispositive. We held there that a defendant charged with a felony was not deprived of constitutional rights where he was required to proceed without counsel, despite his request therefor, at a preliminary hearing, because the pro-

ceedings were not prejudicial. Neither the *ratio decidendi,* nor any dictum in that case, supports defendant's position that express waiver of counsel is required in misdemeanor cases. Nor are guidelines found in *People* v. *Jackson,* 23 Ill.2d 263, cited by defendant, relating to whether defendant knowingly waived his privilege against self-incrimination by his confession at a preliminary hearing, in a felony case involving a 199-year sentence.

The districts of the appellate court, however, have been confronted with this issue, and have concluded that the trial judge has no duty to advise defendant of his right to counsel in a misdemeanor case, so that defendant's waiver of counsel need not be expressly shown by the record. *People* v. *Brown,* 99 Ill. App. 2d 243; *People* v. *Garrett,* 43 Ill. App. 2d 183; *People* v. *Howard,* 41 Ill. App. 2d 128.

In the *Brown* case, recently decided by the First District Appellate Court, defendant was convicted of the misdemeanor of driving at an excessive speed, and, as in the instant case, the record showed that he was apprised of and waived his right to jury trial, but there was no showing whether he was apprised of his right to counsel. The court defined as the sole issue whether the trial court had a duty to advise defendant of such right under the Illinois constitution and Supreme Court Rule 401 (b). After noting that the crime charged did not authorize punishment by imprisonment in the penitentiary and reviewing the cases, the court concluded that there was no basis under the case law or Rule 401 (b) to impose on the lower court a duty to inform defendant of his right to counsel.

Furthermore, the *Brown* case expressly distinguished *People* v. *Manikas,* 87 Ill. App. 2d 227, cited by defendant here, where the Second District Appellate Court held that the trial court had such a duty, on the ground that *Manikas* involved an offense punishable by mandatory imprisonment, and that the opinion failed to allude to Supreme Court Rule 401 (b).

We also reject *Manikas* as a precedent here because the court failed to consider the effect of Supreme Court Rule 401(b) and completely overlooked its prior contrary decision in *People* v. *Howard,* 41 Ill. App. 2d 128. In *Howard* the Second District Appellate Court, in construing the same statutory provision (Ill. Rev. Stat. 1967, ch. 38, par. 113—3), and the same Supreme Court Rule (then Rule 26(3),) held that there was no denial of statutory or constitutional rights in a misdemeanor case where the defendant is not represented by counsel which he neither requests nor waives. The court there stated at page 134: "It appears from a reading of the foregoing statute and Supreme Court Rule that in all criminal cases where the accused upon conviction may be punished by imprisonment in the penitentiary, if he is not represented by counsel, the court should appoint counsel for him before taking any plea on the indictment * * * and this should be done whether or not defendant requests counsel but if the information does not charge an offense for which a person may be sentenced to the penitentiary, there is no duty on the court to advise accused of such right unless there are circumstances showing that he is not sufficiently competent to know of the right or how or when to claim it."

The same rule was adhered to by the Fourth District Appellate Court in *People* v. *Garrett,* 43 Ill. App. 183. In our view these decisions, albeit from intermediate reviewing courts, conform to the plain language and purport of the statute and Supreme Court rule, and are consistent, moreover, with the furthermost reaches of the decisions of the United States Supreme Court.

*Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, cited by defendant, involved the right to counsel during in-custody interrogation as a protective measure of the privilege against self-incrimination from the evils of third-degree interrogation. That case cannot be stretched out of context to impose a constitutional require-

ment that in all misdemeanor or petty offense cases the records must show that defendants expressly waived the right to counsel, even though no request was made for counsel.

Such an unwarranted extension of the guidelines for due process in criminal cases propounded in *Miranda* and *Gideon* (*Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602; *Gideon* v. *Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 797,) has been in effect rejected by recent rulings of the United States Supreme Court. *Winters* v. *Beck,* 385 U.S. 907, 17 L. Ed. 2d 137, 87 S. Ct. 207; *DeJoseph* v. *Connecticut,* 385 U.S. 982, 17 L. Ed. 2d 443, 87 S. Ct. 526.

In *Winters* defendant was charged with the misdemeanor of "immorality" and fined and sentenced to 30 days confinement; and the Arkansas Supreme Court (239 Ark. 1151, 397 S.W.2d 364, 365) held that there is no constitutional duty imposed upon the trial court to appoint counsel for a defendant charged with a misdemeanor, particularly where he made no request therefor. The court emphasized that *Gideon* v. *Wainright* (372 U.S. 335), requiring counsel for indigents where requested, involved a felony, and its mandate should not be extended to misdemeanors and petty crimes. That same issue was reargued on *certiorari* before the United States Supreme Court, as appears from the dissent filed by Mr. Justice Stewart, and that court refused to review the State Supreme Court decision, despite the two contrary decisions by the Fifth Circuit Court of Appeals. *McDonald* v. *Moore,* 353 F.2d 106; *Harvey* v. *Mississippi,* 340 F.2d 263.

In *DeJoseph* v. *Connecticut,* 385 U.S. 982, 17 L. Ed. 2d 443, 87 S. Ct. 526, the United States Supreme Court also denied *certiorari* in a misdemeanor case where the defendant was tried without counsel, even though counsel was requested, and defendant was given a six-months jail sentence.

No decision of the United States Supreme Court has

gone as far as defendant would have us construe the law. This is evident from Mr. Justice Stewart's dissent in the *Winters* case, where he did not accept defendant's argument, but merely urged resolution of the question, stating: "I think this Court has a duty to resolve the conflict and clarify the scope of *Gideon* v. *Wainwright*. I do not suggest what the ultimate solution of this problem should be, but I do suggest that the answer cannot be made to depend upon artificial or arbitrary labels of 'felony' or 'misdemeanor' attached to criminal offenses by 50 different States." 17 L. Ed. 2d at 138.

The resolution of this problem in this jurisdiction does not depend upon such "arbitary labels," but rather upon the seriousness of the offense and whether it is punishable by a penitentiary sentence. We require that the record show express waiver of counsel in cases involving offenses punishable by penitentiary sentence( Rule 401(b) ), and we impose a duty on the court to appoint counsel at defendant's request, except in cases punishable by fines. (Ill. Rev. Stat. 1967, ch. 38, par. 113—3(a),(b).) Such an approach is consistent with the terms and spirit of *Gideon* v. *Wainwright* and with the realities of litigation and the capacity of our judicial system. To construe, as defendant contends, a constitutional mandate that defendant have counsel in all cases, irrespective of the seriousness of the offense, the punishment involved or defendant's request for counsel, unless the record shows his express waiver, would impose burdens upon the bar and bench in no way required nor contemplated by the landmark cases protecting constitutional rights in criminal proceedings.

It is our judgment, therefore, that since defendant Dupree was charged with the misdemeanor of battery, which could not be punishable by a penitentiary sentence, and made no request for counsel, there was no violation of his statutory or constitutional rights by failure of the record to recite that he was apprised of and expressly waived his

right to counsel. In the absence of any error of law, the judgment of the appellate court, affirming the conviction and sentence of two years probation, with the first 90 days to be served at the State Farm, is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.