THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PETER KARABATSOS, Defendant-Appellant.

(No. 53383; ▉▉▉▉▉▉▉▉▉▉)

First District—January 8, 1971.

34

Kiriakos Kanellos, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James S. Veldman, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

*Offense Charged*

Battery. Ill. Rev. Stat. 1967, ch. 38, par. 12—3.

*Judgment*

After a bench trial, defendant was found guilty and fined $35 plus $10 costs.

*Contentions Raised on Appeal*

Defendant was denied his constitutional right to counsel.

Defendant was denied his constitutional right to a trial by jury.

The trial court was without jurisdiction to hear charges against the defendant because the defendant was neither arraigned nor permitted to enter a plea.

Defendant was deprived of his right to compel the attendance of witnesses in his own behalf.

*Opinion*

The record shows that on April 11, 1968, Victor Foler signed a complaint against defendant charging him with battery in that he punched the complainant in the face, knocked him down, and kicked him in the chest. An arrest warrant was issued the same day and a trial was held May 21, 1968. The defendant was found guilty as charged and his motions for a new trial and in arrest of judgment were denied.

In his brief and in oral argument, counsel for defendant presented the following "statement of facts": On April 17, 1968, defendant signed a complaint against Victor Foler and an arrest warrant issued. That case

and the case against defendant were called together by the trial court on May 21, 1968. Defendant's counsel, who was not present, had advised his client to inform the trial judge that he had retained counsel who would be late, and to request a continuance if the case was called before he arrived. When the cases were called, defendant approached the bench and was sworn. Defendant was directed to testify as the State's witness against Foler, may not have known that he, himself, was on trial, and tried to advise the court that he was waiting for his attorney, "but to no avail." When his attorney arrived, defendant was before the court and had already been found guilty.

■■ No part of the foregoing "statement of facts" appears in the record. There was no reporter in court at the time, and the proceedings were not presented to this court in any of the ways authorized by Supreme Court Rule 323(c) and (d). (Ill. Rev. Stat. 1967, ch. 110A, par. 323(c) and (d).) Were this not so, our decision in this case might well be otherwise, but we must adhere to matters of record properly before us on review. *People v. Watson,* 87 Ill.App.2d 453, 459; *People v. Wright,* 80 Ill.App.2d 300, 306—307.

■■ Considering, then, only the common law record, defendant first urges as ground for reversal the fact that the record does not affirmatively show that defendant was advised of his right to counsel, or that he understandingly and knowingly waived this right. In the past, there was support for the defendant's contention in some of the Districts of this court. (*People v. Manikas,* 87 Ill.App.2d 227, 232—34 (2d Dist.); *People v. McGrath,* 85 Ill.App.2d 388, 391—92 (2d Dist.); *People v. McKenzie,* 89 Ill.App.2d 157, 159 (5th Dist.).) These opinions were, however, in conflict with the decisions of several Divisions of the Appellate Court in this District, the court in the Fourth District, and an earlier decision in the Second District. See *People v. Basile,* 112 Ill.App.2d 108, 109—110 (1st Dist.); *People v. Brown,* 99 Ill.App.2d 243, 248 (1st Dist.); *People v. Dupree,* 97 Ill.App.2d 327, 331 (1st Dist.); *People v. Bill,* 33 Ill.App.2d 432 (1st Dist.); *People v. Garrett,* 43 Ill.App.2d 183 (4th Dist.); and *People v. Howard,* 41 Ill.App.2d 128, 134 (2d Dist.).) The conflict has been resolved by the Supreme Court in *People v. Dupree,* 42 Ill.2d 249, 253—257. There, the court held at pages 256—257:

"It is our judgment, therefore, that since defendant Dupree was charged with the misdemeanor of battery, which could not be punishable by a penitentiary sentence, and made no request for counsel, there was no violation of his statutory or constitutional rights by failure of the record to recite that he was apprised of and expressly waived his right to counsel."

In reaching this conclusion, the court expressly rejected *People v. Mani-*

*kas, supra,* one of the cases relied on by defendant, and pointed out that Supreme Court Rule 401(b), Ill. Rev. Stat. 1967, ch. 110A, par. 401(b), requires that the record reflect that the court had advised the defendant of his right to counsel only in felony cases. There being nothing in the instant record to indicate that defendant requested and was denied counsel, we must reject his first argument.

■■ Defendant's other contentions are that he was not arraigned or permitted to enter a plea, and that he was denied the right to a trial by jury and the right to compel the attendance of witnesses in his own behalf. The record states that the defendant "* * * being duly arraigned * * * says that he is not guilty in manner and form as charged in the complaint." The record also states that the defendant "* * * being duly advised by the Court as to his right to a trial by jury in this cause, elects to waive a trial by jury, and this cause is by agreement in open Court between the parties hereto, submitted to the Court for trial without a jury." These statements in the record are sufficient to show arraignment, plea of not guilty, and waiver of trial by jury. Such a waiver need not be in writing. (*People v. Brown,* 13 Ill.2d 32, 34; *People v. Basile,* 112 Ill.App.2d 108, 109.) On the issue of whether defendant was denied the right to compel the attendance of witnesses in his own behalf, defendant's argument also lies outside the record.

We conclude that there is nothing in the record to support defendant's contentions. We must, therefore, affirm his judgment of conviction.

Judgment affirmed.

DRUCKER and LEIGHTON, JJ., concur.