THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY PETERSON (Impleaded), Defendant-Appellant.

(No. 54878;

First District—February 2, 1971.

Gerald W. Getty, Public Defender, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. JUSTICE McCORMICK delivered the opinion of the court:

On March 19, 1969, Gary Peterson, defendant, was charged with the crime of robbery, and after entering a plea of guilty before Judge Daniel J. Ryan, was sentenced to three years probation. On May 23, 1969, he was tried for the crime of unlawful possession of burglary tools. After entering his plea of guilty, Judge Wilson sentenced defendant to five years probation. On September 17, 1969, defendant appeared before Judge Rudolph L. Janega to stand trial for the crime of theft. He was found guilty and sentenced to 90 days in the House of Correction. The record indicates that although he was represented by counsel at two of these trials, defendant waived the appointment of counsel when he appeared on the theft charge.

Subsequent to the finding of guilty in the theft charge, a probation violation hearing was held before Judge Wilson, at which time a certified copy of defendant's theft conviction was offered and received in evidence. At the conclusion of the hearing, defendant's probation was revoked and he was sentenced to serve two concurrent terms of not less than one nor more than two years in the Illinois State Penitentiary. The record indicates that defendant was represented by counsel at the probation violation hearing. On January 8, 1970, he filed a notice of appeal and an attorney was appointed to represent him.

The Public Defender appointed to represent defendant has filed a motion in this court requesting leave to withdraw, and in support of the motion has attached a brief in which he has sought to comply with the requirements of *Anders v. California*, 386 U.S. 738. The brief sets forth the Public Defender's contention that the only arguable basis for an appeal is the question of whether the certified copy of the misdemeanor conviction is sufficient proof of a probation violation in view of the fact that defendant was not represented by counsel at the trial which resulted in the misdemeanor conviction.

On October 23, 1970, defendant was mailed a copy of his attorney's motion and brief, and was notified by this court that he had until December 28, 1970 to respond. At the present time there has been no response from defendant, according to the record. The record indicates that at the time of defendant's misdemeanor trial the court asked him whether he wished to have counsel appointed, and his response was in the negative.

■■ We agree with the Public Defender that this appeal is not arguable on the merits and is wholly frivolous. The mere fact that the court failed to admonish defendant of his right to counsel is of no consequence because admonishment is not required in misdemeanor cases. Supreme Court Rule 401(b) specifically limits this requirement to cases where the conviction can result in punishment in a penitentiary. Ill. Rev.

Stat. 1969, ch. 110A, par. 401(b). *People v. Dupree*, 42 Ill.2d 249.

In addition to studying the brief filed by defendant's attorney, we have made a full examination of all the proceedings and have concluded that an appeal in this situation would be without merit and wholly frivolous. Defendant's attorney is therefore given leave to withdraw and the judgment of conviction is affirmed.

Judgment affirmed.

LEIGHTON, P. J., and STAMOS, J., concur.