THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD COLEMAN, Defendant-Appellant.

First District (3rd Division)   No. 77-740

Opinion filed May 3, 1978.

Ralph Ruebner and Steve Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Michael E. Shabat, and Michael R. Sherwin, Assistant State's Attorneys, of counsel), for the People.

MISS JUSTICE McGILLICUDDY delivered the opinion of the court:

The court is called upon to determine whether an understanding waiver of the right to trial by jury has been made. This appeal arises following a conviction upon a misdemeanor complaint and under circumstances in which the arraignment, plea, trial, conviction and sentence of the accused took place during a single proceeding held on February 4, 1977. The offense involved is that of keeping a gambling place (Ill. Rev. Stat. 1975, ch. 38, par. 28—3). The defendant was ordered to pay a fine of $90.

The record on appeal indicates that the defendant, Richard Coleman, was represented by an assistant public defender. The report of proceedings for February 4, 1977, shows that the court informed the accused of the nature of the charges and tendered a copy of the complaint to defense counsel. Thereupon the court conducted a hearing on a motion to suppress evidence. The motion was denied. Immediately after the denial of the motion to suppress, the trial commenced. The court found the defendant guilty and imposed the $90 fine on the recommendation of the State. After the fine was imposed, the defendant stated that he wished to appeal and that he would like to have a jury trial.

There is no indication in the report of proceedings that the defendant was informed of his right to a jury trial, that the defendant waived the right or that the right was waived by defense counsel in the presence of the defendant. The record contains no written waiver of jury trial signed by the defendant. A single line from the page of the common law record summarizing the proceedings of February 4, 1977, indicates, "PLEA NOT GUILTY—JURY WAIVED."

■■  The State first contends that the defendant has waived the jury trial issue by failing to raise it in a motion for a new trial. We note that the defendant requested a jury trial following his conviction. This request was, in our opinion, the equivalent of an oral motion for a new trial; it sufficiently raised the issue before the trial court and, thereby, preserved it for this appeal. See *People v. Whitehead* (1966), 35 Ill. 2d 501, 221 N.E.2d 256; *People v. Flynn* (1956), 8 Ill. 2d 116, 113 N.E.2d 257.

In response to the merits of the defendant's claim that he did not waive his right to a jury trial, the State maintains that the single line from the common law record is sufficient to indicate a valid waiver. In support of this position the State relies primarily on three decisions of this court. (*People v. Gentry* (1977), 48 Ill. App. 3d 900, 363 N.E.2d 146; *People v. Feather* (1976), 42 Ill. App. 3d 974, 356 N.E.2d 885; *People v. Karabatsos* (1971), 131 Ill. App. 2d 33, 266 N.E.2d 764.) These decisions together stand for the proposition that where there is no report of proceedings or where the report of proceedings is silent regarding waiver of trial by jury, but the common law record reflects a waiver, the latter is presumed to be correct. In each of these three cases, however, the court concluded that the common law record indicated a knowing waiver of the right by the defendant.

In *Karabatsos*, where there was no report of proceedings, the common law record stated, " '* * * being duly advised by the Court as to his right to a trial by jury in this cause, [defendant] elects to waive a trial by jury, and this cause is by agreement in open Court between the parties hereto, submitted to the Court for trial without a jury.' " (131 Ill. App. 2d 33, 36.) Similarly, in *Feather* the common law record, together with corrections of the record permitted under Supreme Court Rule 329 (Ill. Rev. Stat. 1975, ch. 110A, par. 329), clearly established that the defendant had been advised by the court of his right to a jury trial and that the defendant had waived a jury. The *Gentry* court, following *Feather*, also concluded that the defendant had waived the right. Admittedly, the common law record in that case did not reveal that the defendant had been advised of the right to trial by jury. However, the record in that case indicated that the defendant had previously demanded a jury trial and the cause had been first assigned to the jury calendar. Under those circumstances, the common law record's reference to the fact that the defendant had waived a jury trial was held to be a sufficient indication that the waiver was accomplished knowingly.

Recently we held that compliance with section 103—6 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 103—6), the section which implements the constitutional guarantees of the right to trial by jury, requires a showing that the right was understandingly waived by the defendant in open court. (*People v. Miller* (1977), 55 Ill. App. 3d 1047,

371 N.E.2d 917. Accord, *People v. Ceaser* (1974), 17 Ill. App. 3d 650, 307 N.E.2d 753.) The supreme court has held that a waiver of jury trial made by defense counsel in the presence of the defendant is, without indication to the contrary, a sufficient showing that the right was understandingly waived by the defendant. (*People v. Murrell* (1975), 60 Ill. 2d 287, 326 N.E.2d 762; *People v. Sailor* (1969), 43 Ill. 2d 256, 253 N.E.2d 397.) Applying the standards set forth in *Miller* and the decisions of our supreme court, the resolution of the present controversy entails consideration of the entire record brought before us (*People v. Williams* (1963), 27 Ill. 2d 327, 189 N.E.2d 314); no distinction is made between the common law record and the report of proceedings in determining what transpired in the trial court.

■■ The record before us, including the common law record, fails to indicate that the defendant personally or knowingly waived a jury. It also fails to indicate any waiver of a jury made by defense counsel in the presence of the defendant. The State does not claim that the record is incomplete, and our examination reveals no material omissions. Under these circumstances, the defendant has sustained the contention that he did not waive the right to trial by jury. Accordingly, the judgment of the Circuit Court of Cook County is reversed, and this cause is remanded to that court for a new trial.

Reversed and remanded.

JIGANTI, P. J., and McNAMARA, J., concur.