THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT FEATHER, Defendant-Appellant.

First District (5th Division)    No. 63008

Opinion filed October 8, 1976.

James J. Doherty, Public Defender, of Chicago (Robert P. Isaacson, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Defendant was charged with unlawful use of weapons and failure to possess a State Firearms Owner's Identification Card. Following a bench trial, he was found guilty of both charges and placed on two years' probation, with the first ten days to be served on a work release program. The only issue raised on appeal is the alleged failure of the trial court to make any inquiry concerning waiver of a trial by jury.

The report of proceedings certified to this court contains no inquiry concerning a jury waiver. However, after the filing of defendant's brief here, the State filed a motion in the trial court to correct the record to reflect that defendant waived trial by jury. At the hearing on that motion, the trial judge showed counsel his trial notes, which contained the notation "bench" and stated, "It's the court's policy on every case where the defense counsel indicates that a jury is waived to write in my notes, 'bench.' I write that note, 'bench' right after defense counsel in open court indicates he waived a jury; and my minutes on the Feather case indicate 'bench,' and the name 'Feather' after this." It was pointed out by the trial judge that although the report of proceedings reflected a waiver by defense counsel of a "preliminary hearing," the common law record states that defendant waived a jury. He explained that at the time of defendant's trial, there were two branch courts in session in the same courtroom, resulting in substantial noise, and he suggested that the court reporter could understandably make a mistake in recording what he thought defense counsel had said.

In conclusion, the court stated that "there is no doubt in my mind, based on my review of the record and notes and my own minutes of the case that a jury was waived, and I am entering an order to the effect that the court's notes and record indicate a jury was waived."

OPINION

Supreme Court Rule 329 (Ill. Rev. Stat. 1975, ch. 110A, par. 329) in pertinent part provides as follows:

> "Material omissions or inaccuracies or improper authentication may be corrected by stipulation of the parties or by the trial court,

> either before or after the record is transmitted to the reviewing court, or by the reviewing court. Any controversy as to whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by that court and the record made to conform to the truth."

The rule regarding correction and amendment of a record was recently discussed in *Hartgraves v. Don Cartage Co.* (1976), 63 Ill. 2d 425, 348 N.E.2d 457. There, a judgment for plaintiff was returned by an 11 member jury, one member having been unable to continue because of an injury during the course of the trial. There had been no pretrial stipulation to proceed with less than 12 jurors should it become necessary. An in-chambers discussion was held concerning the inability of the juror to proceed, after which a motion for mistrial made in open court by defense counsel was denied. It was raised again by defendant in its post-trial motion, and prior to a hearing on that motion plaintiff's counsel presented an affidavit in opposition, which stated that during the in-chambers discussion defense counsel made a statement that for the record he would formally object to continuing the trial with less than 12 jurors but suggested that the court overrule his objection as he was willing to proceed with less than 12 jurors. The hearing on the post-trial motion took place some six months after the trial, but the trial judge stated that he had a clear recollection that defense counsel, in the in-chambers discussion, had suggested he overrule the motion for a mistrial and had said the trial could proceed with the 11 jurors. Thus, the post-trial motion was denied.

■■ A reversal by the appellate court in *Hartgraves* was affirmed by the supreme court whose opinion noted that the attempt to correct the record found no support in any note or memorandum from the record or quasi-records of the court nor from the judge's minutes or any other papers on file. The supreme court then said, at page 428:

> "Generally, 'an amendment of the record cannot be made by oral testimony, or from the recollection of the trial judge himself, but must be proved by the production of some note or memorandum from the record or *quasi* records of the court, or by the judge's minutes, or by the papers on file in the cause.' (*Pinkstaff v. Pennsylvania R.R. Co.* (1960), 20 Ill. 2d 193, 202, citing *People v. Miller* (1936), 365 Ill. 56, 58.) '[A]n amendment of a record cannot be made either from the memory of a witness, from the recollection of the judge himself, or by affidavit, but the record must show the basis upon which the amendment or correction is made.' *People v. Townsend* (1972), 5 Ill. App. 3d 924, 926, citing *People v. Okulczyk* (1951), 410 Ill. 115, and *People v. Miller* (1936),

365 Ill. 56. See *In re Application of County Collector* (1974), 18 Ill. App. 3d 272."

Inasmuch as the judge relied solely on his "clear memory" in making the "correction" of the record, the court held that this manner of amending the record was impermissible.

Applying the reasoning of *Hartgraves* to the facts here, we do not believe the trial judge relied solely upon his memory. It appears to us that he determined there had been a jury waiver from a combination of records and quasi-records; *i.e.*, (1) the entry of "bench" in his trial notes, which it was his practice to make when a defendant waived a jury trial; (2) the common law record, which read as follows: "Parties present. Defendant represented by counsel. Defendant given copy of complaint. Judge explains charge. Defendant arraigned. Plea not guilty. Defendant advised of his right to a jury trial. Defendant waives jury trial. Trial by court. Finding defendant guilty in manner and form as charged in the complaint herein"; and (3) the strong indication that there was an erroneous recording, as suggested by the trial court, in the report of proceedings of a waiver of "preliminary hearing" instead of a waiver of a "jury trial," inasmuch as (a) there was no reason for a waiver of a preliminary hearing, because defendant was charged with misdemeanor violations (Ill. Rev. Stat. 1975, ch. 38, pars. 24—1(a)(4), 83—2) for which imprisonment in a penitentiary was not authorized, and the Illinois Constitution grants the right of a preliminary hearing only where the crime is punishable by imprisonment in a penitentiary (Ill. Const. 1970, art. 1, §7); and (b) the waiver took place on the day the trial began, after it had been continued on several other occasions. In view thereof, we are of the opinion that the court acted properly in correcting the record to show the waiver of a jury trial.

■■■ In any event, even had the motion to correct the record not been made, we think the same conclusion would have resulted from our resolution of the conflict. It has been held that although the common law record imports verity and is presumed to be correct, where other facts appearing in the report of proceedings are contradictory, the court must consider the matter upon the record as a whole. (*People v. Williams* (1963), 27 Ill. 2d 327, 189 N.E.2d 314.) Here, whether one looks at the common law record alone or views the entire record as a whole, we believe the same result obtains; that is, that there was a waiver of a jury trial. Further, the record indicates that defendant and his attorney were present at the time of the waiver; that defendant was given a copy of the complaint; that the court explained the charge to him; that he entered a plea of not guilty; that he was advised of his right to a jury trial and that he waived the jury. Although the corrected record indicates a waiver by

the attorney for defendant, we note that in *People v. Sailor* (1969), 43 Ill. 2d 256, 253 N.E.2d 397, it was held that where a defendant permits his attorney in his presence to waive a jury trial, he is deemed to have acquiesced in and to be bound by that action. Further, in this regard it is now well established that in applying the foregoing principle, no distinction is made between private counsel and the public defender. See *People v. Gay* (1972), 4 Ill. App. 3d 652, 281 N.E.2d 738; *People v. Suriwka* (1971), 2 Ill. App. 3d 384, 276 N.E.2d 490.

We conclude, therefore, that trial by jury was understandably waived by defendant, and we affirm the judgment.

Judgment affirmed.

LORENZ, P. J., and BARRETT, J., concur.