UNITED STATES of America ex rel. John W. GENTRY, Petitioner-Appellant,

v.

The CIRCUIT COURT OF COOK COUNTY, MUNICIPAL DIVISION, FIRST MUNICIPAL DISTRICT, Richard J. Elrod, Sheriff of Cook County, Illinois and Charles Rowe, Director, Department of Corrections, State of Illinois, Respondents-Appellees.

No. 78–1514.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 20, 1978.

Decided Nov. 15, 1978.

Raymond H. R. Silvertrust, Chicago, Ill., for petitioner-appellant.

Mary Ellen Dienes, Asst. State's Atty., Chicago, Ill., for respondents-appellees.

Before SPRECHER and TONE, Circuit Judges, and KILKENNY, Senior Circuit Judge.*

KILKENNY, Circuit Judge.

Gentry appeals from the judgment of the district court denying his petition for a writ of habeas corpus. We affirm.

## PROCEDURAL BACKGROUND

Appellant was arrested on October 8, 1974, and charged with disorderly conduct in violation of the Chicago Municipal Code and with resisting arrest in violation of the Illinois Criminal Code. After retaining private counsel, appellant demanded a jury trial and the case was assigned to the Criminal Jury Court. On May 1, 1975, he was tried before a court sitting without a jury and convicted on both charges.

On appeal to the Appellate Court of Illinois, appellant contended he was denied his right to a jury trial. The appellate court reversed the disorderly conduct conviction on other grounds and affirmed the conviction for resisting arrest. *See People v. Gentry,* 48 Ill.App.3d 900, 904–905, 6 Ill.Dec. 617, 363 N.E. 146 (1977). The appellate court held that even though the transcript was silent as to a jury waiver, the record [1] reflected a waiver of a jury trial. The court stated that, under these circumstances, the record is presumed to be correct.

Appellant's petition for leave to appeal to the Supreme Court of Illinois was later denied. Following this denial, he filed in the district court his petition for a writ of habeas corpus demanding his discharge from custody on the same ground.

## THE HEARING

At the district court hearing held on February 27, 1978, the government called two witnesses and introduced in evidence the complete state court record on which the appellant was convicted.

Clinton Bristow, Jr., the appellant's privately retained attorney in the state case, was the state's first witness. He testified that he represented appellant and his three codefendants in the state court prosecution and appeared with appellant on December 27, 1974, in the Circuit Court of Cook County to demand a jury trial on appellant's behalf. This appearance, omitting the caption, is recorded in the state court entry of that date.[2] Bristow testified that between the December date and the eventual trial date of May 1, 1975, he met with the appellant and the other defendants on "numerous occasions" at which time they discussed trial strategy, including the advantages of a bench or jury trial. He further testified that he sat down with appellant and told him what was involved in a jury trial and about the advantages and disadvantages of this procedure. Likewise, he advised appellant that a decision had to be made prior to the May 1, 1975, trial date. These conversations on trial tactics were held in the presence of members of appellant's family, including his codefendants, mother and brother.

In response to a question from the district court, Bristow testified:

"I also indicate to them that strategically sometimes it is better to waive a jury and go with a bench trial and that it is a determination we will have to make before we appear before the Judge because the Judge will ask us whether we want a jury trial or whether we want a bench

---

* The Honorable John F. Kilkenny, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, is sitting by designation.

1. Sometimes referred to as the Common Law Record.

2. "Parties present. Defendant represented by counsel.

"Defendant demands trial by jury, and thereupon it is ordered by the Court that this cause be and the same is hereby transferred to Chief Justice for reassignment to Branch 46, and continued to FEBRUARY 7, 1975."

trial and if we don't want a jury we will waive the jury and go with a bench trial."

With reference to the initial demand for a jury trial, Bristow testified:

"When we appeared before Judge Welfeld on December 27th, I demanded a trial by jury just to transfer it from the Branch Court over to Branch 46, again a strategic point. And then in a subsequent conversation with the defendants, *we came to the conclusion that we would prefer to have a bench trial* and subpoenaed all the witnesses in for the May 1, 1975 trial date." [Emphasis supplied.]

Bristow said that on the day of the trial, the case was initially called in the morning at the beginning of the court call. He was there representing all defendants. At that time, Bristow and his clients approached the bench, stated that the defendants were ready for trial and indicated that they would waive their right to a jury trial. The state's attorney asked the court to pass the case so that he could talk to his witnesses. The case was eventually called about 12:30 P.M., at which time it went to trial.

Ozog testified that he specifically remembered the appellant's case and the events surrounding the case, including the jury waiver. He recalled that Bristow, appellant's counsel, because of previous delays, was very loud and vociferous in his demand for an immediate trial. He also remembered that at the time the court asked whether the case was a bench trial or a jury trial. Bristow responded that it was a bench trial. Ozog then realized that he would probably be the one that would be prosecuting the case and that he might not be quite prepared. He asked the judge if he would pass this case in order that he might talk with his witnesses. Ozog recalled a second call at which he requested

more time to converse with witnesses. He testified that the case was called a third time and tried at approximately 12:30 in the afternoon.

The clerk's minutes in the state court record for May 1, 1975, which were received in evidence as part of the state's case, clearly reflect a waiver of a trial by jury.[3]

## FINDINGS

Subsequent to the hearing, the district court entered extensive findings of fact reciting, among other things, the testimony of the witnesses Bristow and Ozog, the material shown in the state court record, and also an observation that those present in the courtroom at the time of the hearing included appellant's mother and brother and that they were not called by him as witnesses. The district court found that appellant had been advised by his lawyer to waive a trial by jury and that they agreed with each other and with appellant's mother and brother and another defendant that it was tactically wise for them to waive a jury trial. He also found that the absence in the transcript of a mention of a jury waiver was due to a misadventure in the court reporting process and was "completely explainable" in light of the hectic, noisy atmosphere associated with the morning call calendar.

## CONTENTIONS

Appellant contends that in his state court trial, he was denied his Sixth Amendment right to a jury trial and his Fourteenth Amendment right to due process of law. He urges that under *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), he was entitled to a jury trial. Moreover, citing *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461

---

**3.** (Omitting caption.)

"Parties present. Defendant represented by counsel. Defendant arraigned. Plea not guilty. *Defendant waives jury trial.* Trial by Court. Finding Defendant guilty in manner and form as charged in the Complaint herein. Defendant fined a sum of TWO HUNDRED DOLLARS ($200.00) and costs taxed at TEN DOLLARS ($10.00).

"This cause coming on for further proceedings herein, it is considered by the Court that the Plaintiff have judgment on the finding of the Court entered herein, *it appearing to the Court that said Defendant has duly and regularly waived a jury trial in this cause, . . ."* [Emphasis supplied.] [Vol. 1, State Court Record, Page C9.]

(1938), he argues that a waiver of a jury trial may never be presumed. We fully agree. We also recognize *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), for the well established rule that a jury waiver will not be implied from a silent record. The same rule is recognized by the Illinois Court of Appeals. *People v. Rosen*, 128 Ill.App.2d 82, 261 N.E.2d 488 (1970).

## DISCUSSION

■■■■ Here, however, the state court record is not silent. The clerk's minutes on the day of trial recite "Parties present. Defendant represented by counsel. Defendant arraigned. Plea not guilty. *Defendant waives jury trial.* Trial by court . . ." [Emphasis supplied.] Under Illinois law, this record is presumed to be correct. *People v. Feather*, 42 Ill.App.3d 974, 1 Ill.Dec. 603, 356 N.E.2d 885 (1976). True enough, in *Feather*, unlike our situation, the record also indicated that defendant was advised of his right to a jury trial. However, the record here also shows that the defendant had previously demanded a jury trial and the case had been assigned to the jury calendar. Consequently, even on the face of the record, it is clear that appellant was fully aware of his right to a jury trial. The presumption of regularity in the discharge of duties by public officials is well recognized in this circuit. *Brennan v. Midwestern United Life Ins. Co.*, 417 F.2d 147, 154 (CA7 1969), *cert. denied* 397 U.S. 989, 90 S.Ct. 1122, 25 L.Ed.2d 397; *Degner v. Celebrezze*, 317 F.2d 819 (CA7 1963).

Additionally, in its discussion with counsel, the court observed that on a half sheet appearing in one of the records was an entry in longhand, "PNGJW." Counsel for the state advised the court that it was his understanding that these initials stood for "Plea of Not Guilty, Jury Waived." This interpretation of the letters was not challenged by appellant or his counsel. Under these circumstances, the district court could well have taken this entry into consideration in its findings.

■■ In conformity with established procedure, the district court did not rely upon the state court record alone, but went forward and made a determination of fact on the constitutional issues independent of that reached by the state court. *Bell v. Patterson*, 402 F.2d 394, 397 (CA10 1968), *cert. denied* 403 U.S. 955, 91 S.Ct. 2279, 29 L.Ed.2d 865. The district judge might have deferred to the findings of fact of the state court. *Townsend v. Sain*, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Nonetheless, he decided to conduct an independent examination on the relevant facts. This procedure was approved in *Townsend v. Sain, supra*, at 322, 83 S.Ct. 745, and more recently in *Brewer v. Williams*, 430 U.S. 387, 396, 97 S.Ct. 1232, 51 L.Ed.2d 423 (1977).

Acting under this procedure, the court allowed the state's witnesses, Bristow and Ozog, to testify that on one of the morning calls of appellant's case, the court asked "Bench or Jury" and Bristow, counsel for appellant, responded "Bench." The testimony of Bristow and Ozog is fully supported by the clerk's minutes and the half-sheet which also indicate that in fact a jury was waived.

Appellant's argument that the record is silent as to a waiver of a jury trial is based entirely on the absences of any reference to a jury trial waiver in the transcript of the state court trial and a short transcript recording of at least part of the call calendar for the morning of the trial. Appellant closed his case without calling any witnesses.

To an experienced observer, even a casual glance at the state court transcript of evidence will show that it does not purport to fully cover what was said prior to the opening of the trial. [See Appendix A.] When we read this opening in the light of the positive language of the clerk's minutes on the waiver of a jury trial (Footnote 3, *supra*), we find no conflict. For that matter, the clerk's minutes tend to explain the absence of a mention of jury trial waiver in the transcript. On this record, we can safely assume that the state trial judge was

aware of the previous waiver of jury trial by the appellant and found no need for a meaningless repetition of the waiver at the commencement of the bench trial.

The district court weighed the testimony and other evidence presented by appellees against the trial transcript, the court reporter's transcript and the complete absence of any testimony on the part of the appellant, his mother, or others who were present in the courtroom, and rejected appellant's claims.

Where, as here, an unresolved factual dispute exists, the demeanor of a witness is a significant factor in adjudging credibility. Questions of credibility are always basic to a proper resolution of conflicts in testimony. *Townsend v. Sain, supra*, 372 U.S. at 322, 83 S.Ct. 745.

To be sure, the method of ascertaining a waiver of a jury trial in the state court seems rather cavalier and probably does not conform to the present standard of obtaining a waiver required in the federal courts. However, appellant's reliance on *Boykin v. Alabama, supra*, is completely misplaced. There, the Supreme Court was concerned with a waiver of the right to counsel on a guilty plea. The Supreme Court after noting that the state court record *was silent* on the issue of waiver quoted from *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962):

> "Presuming waiver from a silent record is impermissible. The record must show, *or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.*" [Emphasis supplied.] *Boykin, supra*, 395 U.S. at 242, 89 S.Ct. at 1712.

Here, the state court record is anything but silent on the issue of waiver of the jury trial. Furthermore, the undisputed testimony of Bristow before the district court provides ample evidence that appellant clearly understood his right to a jury trial and in a family conference knowingly and intelligently waived that right. *Boykin* is of no assistance to appellant.

■ Appellant urges that the state trial judge failed to interrogate him on the record to insure that the waiver was both knowing and voluntary. In *Estrada v. United States*, 457 F.2d 255 (CA7 1972), cert. denied 409 U.S. 858, 93 S.Ct. 143, 34 L.Ed.2d 104, where the federal, rather than state, procedure was involved, we held that personal interrogation of the defendant by the trial judge was the preferred procedure, but that such procedure was not required by either the Sixth Amendment or Rule 23(a), F.R.Crim.P. This tenet of law was restated as recently as *United States v. Kidding*, 560 F.2d 1303 (CA7 1977), cert. denied sub nom. *Brown v. United States*, 434 U.S. 872, 98 S.Ct. 217, 54 L.Ed.2d 151, and *United States v. Scott*, 583 F.2d 362 (CA7 1978). In the latter case, we adopted a rule under our supervisory power which, effective one month after the date of the decision, requires that before a district judge accepts a waiver of jury trial, he must interrogate the defendant to insure that he understands his right to a jury trial and the consequences of a waiver. At the time of this trial in state court and the hearing before the district court, there was no such requirement in either state or federal court. Needless to say, we have no supervisory power over the state court system. Our review of a state habeas petition is a narrow one and not the broad exercise of supervisory power that we would possess in regard to our own trial court. *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).

Other cited authorities and peripheral contentions raised by appellant have received our consideration. Further analysis of authorities or discussion of contentions would only lengthen this opinion without adding to the reasons for our conclusion.

## CONCLUSION

■ The district court's finding that appellant waived a state court jury trial is not clearly erroneous. We affirm the judgment dismissing his petition. Rule 52(a), F.R. Civ.P., *United States ex rel. Henne v. Fike*, 563 F.2d 809, 813 (CA7 1977), cert. denied

434 U.S. 1072, 98 S.Ct. 1257, 55 L.Ed.2d 766; *Wilson v. Lash*, 457 F.2d 106, 108 (CA7 1972), *cert. denied* 409 U.S. 881, 93 S.Ct. 211, 34 L.Ed.2d 136.

IT IS SO ORDERED.

## APPENDIX A

The Court Clerk: Ronald Warmak, John Gentry, Jimmie Hoffman, (sic), Margaret Hoffman (sic).

The Court: All right. The charge here is battery on all these individuals.

Mr. Ozog: Your Honor, this is against Mr. Gentry is resisting, a disorderly conduct against Huffman is battery and obstructing, against Margaret Huffman it is battery, battery and obstructing against Richard Warmak it is a battery.

Mr. Bristow: Mr. State's Attorney let me ask you a question about Richard Warmak.

The last time he was here there was a robbery charge and he has never been given a Court date or anything.

Do you have him on your sheets?

Mr. Ozog: I don't have anything. I don't have anything with respect to Warmak. The only charge I have on Warmak here today is, counsel, battery, as I understand it, by Officer Murphy.

Mr. Bristow: Right.

The Sergeant: Should be a theft warrant.

Mr. Bristow: Theft warrant. What do you want to do about that because we move to dismiss.

The Clerk: Transfer that back to Branch 49 where it came from.

The Court: All right. Is the State ready to proceed?

Mr. Bristow: That is going back to Branch 49. Will he be notified?