THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JUDY KAYE ROGERS, Defendant-Appellee.

Second District   No. 79-193

Opinion filed August 4, 1980.

Gene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mary Robinson and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

This case presents the question of whether a prior violation of a municipal theft ordinance may enhance the degree of a theft offense from a misdemeanor to a felony under the Illinois Criminal Code of 1961. Ill. Rev. Stat. 1977, ch. 38, par. 16—1(e)(1).

The trial court said, "no" and we agree.

The People filed an information which, in substance, charged the defendant with the commission of theft as a Class 4 felony. (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(e)(1).) The information alleged that defendant knowingly exerted unauthorized control over the property of M.A.S. Sales, Ltd., namely, a sweater having a value not exceeding $150; that defendant intended to permanently deprive M.A.S. Sales, Ltd., of the use of the property; and that defendant had previously been convicted of theft in violation of Aurora Ordinance 29-65.

Section 16—1(e)(1) of the Criminal Code of 1961 provides:

"Theft of property, * * *, not from the person and not exceeding $150 in value is a Class A misdemeanor. A second or subsequent offense after a conviction of any type of theft, including retail theft, * * * is a Class 4 felony." Ill. Rev. Stat. 1977, ch. 38, par. 16—1(e)(1).

The trial court dismissed the information and held that the allegations of the information were insufficient to charge a Class 4 felony under the statute in question. In effect, the trial court found that the phrase "conviction of any type of theft" in the statute quoted above did not include municipal theft ordinance violations. The People appeal from the trial court's order dismissing the information.

The rules of construction applicable to penal statutes are well known; therefore, we will state them but briefly. As with any statute, it is

our responsibility to ascertain legislative intent. If such intent is manifest from the clear and unambiguous language of the statute, there is obviously no need of construction. However, if the intent is, in any way, clouded or uncertain, the established rules of construction applicable to penal statutes must be followed. A penal statute is to be strictly construed in favor of the accused, and nothing beyond its obvious and literal meaning may be taken by intendment or implication to operate against a defendant. If a statute increasing a penalty or punishment is capable of two constructions, the one which operates in favor of the accused is to be adopted. Such a statute is highly penal and should not be extended in its application to cases which do not, by the strictest construction, fall within its terms. *People v. Lund* (1943), 382 Ill. 213, 215-16.

The People first contend that there is no ambiguity in the phrase "a conviction of any type of theft" and that a literal reading of those words includes a municipal ordinance violation. However, it is clear, from a reading of that phrase in the context of the single sentence from which it is taken, that the legislature intended that the statute apply to criminal "offenses"; one cannot commit "a second or subsequent offense," as the section requires, without having committed a first offense. The narrower issue which we must resolve is whether a violation of a municipal ordinance constitutes an "offense" within the meaning of the statute in question.

Initially, it appears that there is some ambiguity in the meaning of the word "offense." The People urge us to adopt the definition of "offense" contained within section 5—1—15 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—1—15). That code includes, *inter alia*, the sentences to be imposed for certain penal offenses. The definition of "offense" contained therein includes violations of municipal ordinances.

The fallacy in the People's position lies in the fact that section 5—1—15 is not a part of the Criminal Code of 1961, which contains the theft provision whose meaning we seek to determine. Rather section 5—1—15 is part of the general definition section of chapter V of the Unified Code of Corrections (Ill. Rev. Stat., 1977 & 1978 Supp., ch. 38, par. 1005—1—1 *et seq.*) and its application is limited, by the terms of that act, to the other provisions contained within the same, "except when a particular context *clearly* requires a different meaning." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 38, par. 1005—1—1.

It is to the "General Definitions" contained in article 2 of the Criminal Code of 1961 which we must refer to determine the meaning of the word "offense" as it is used in the theft statute. Section 2—12 defines "offense" as

"* * * a violation of any penal statute of this State." (Ill. Rev. Stat. 1977, ch. 38, par. 2—12.) Section 2—22 defines "statute" as "the Constitution or an Act of the General Assembly of this State." (Ill. Rev. Stat. 1977, ch. 38, par. 2—22.) These sections, read together, resolve any question of the meaning of the word "offense" as it is used within the theft statute and clearly exclude municipal ordinance violations. See *People v. Crabtree* (1980), 82 Ill. App. 3d 87, 89.

We hold that the term "offense," as it is used in the theft provisions of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(e)(1)) does not include municipal ordinance violations. Further, we find that the legislature did not intend that prior violations of municipal ordinances be included within the meaning of the phrase "conviction of any type of theft" as that phrase is used in section 16—1(e)(1). Ill. Rev. Stat. 1977, ch. 38, par. 16—1(e)(1).

The order of the trial court dismissing the information is affirmed.

Affirmed.

UNVERZAGT and LINDBERG, JJ., concur.