THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RONALD A. BROWNSTEIN, Defendant-Appellant.

First District (5th Division)    No. 80-2084

Opinion filed March 31, 1982.

460

I. Bruce Wexler, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Ruth Stern Geis, and James B. Koch, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WILSON delivered the opinion of the court:

Following a bench trial, defendant was convicted of possession of cocaine (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(a)(2)); diazepam (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b)); codeine (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b)); and marijuana (Ill. Rev. Stat. 1977, ch. 56½, par. 704). He was sentenced to 6 years imprisonment for possession of cocaine, 5 years for possession of diazepam, 5 years for possession of codeine and 3 years for possession of marijuana, all to be served concurrently. On appeal, defendant asserts that (1) he was denied his right to a jury trial; (2) his conviction and sentence under count II and III are void because prior decisions have invalidated the statute on which these counts are based; (3) the legislature has improperly classified cocaine as a narcotic; (4) he was

denied effective assistance of counsel; (5) he was not proven guilty beyond a reasonable doubt; and (6) his sentence was excessive for a person with no prior record. The pertinent facts follow.

Investigator Thomas Andricopoulos testified that on July 27, 1978, he obtained a search warrant for defendant's residence at 542 West Arlington. Christine Christopolous answered the door of defendant's residence, whereupon he entered and locked the door. Shortly thereafter, defendant and Jack Kellman knocked at the door and they were asked to step inside. Defendant dropped a coat as he entered the apartment, which contained 13 white paper packets of a white powder and a clear plastic bag containing a white powder. Defendant admitted that the jacket contained the white paper packets, but denied that there was a clear plastic bag in the coat.

All three floors of the apartment were searched; and in a third-floor bedroom a clear plastic bag containing plants and seeds was recovered. Next to the desk in the same bedroom, police officers recovered from a briefcase a plastic bag of white powder and a number of pills. Defense counsel stipulated to the chain of custody and to the chemical identity of the substances recovered, to wit: 99.9 grams of cocaine, including the 13 paper packets, 188 grams of marijuana seeds and plants, 18 diazepam pills and two pills containing codeine.

Defendant testified that during the month of July 1978 he lived with Christine and another female at 542 West Arlington. He shared the third-floor bedroom with Christine, but others had easy access to the room as well because it was the only place in the house where there was a television. He admitted that he had 13 paper packets in his jacket but denied having a plastic bag on his person, and denied that he was aware that there was any contraband in the bedroom.

New counsel filed and argued post-trial motions, enumerating, among other errors, that defendant was denied his right to a jury trial. On July 17, 1980, defendant filed a motion to reconsider denial of a new trial, in which he attached a transcript of the proceeding in which the State claimed he waived jury. The motion was considered by the trial judge on July 22, 1980, who did not rule on the motion, as he believed he had no jurisdiction since the notice of appeal was filed on July 18, 1980.

OPINION

Defendant initially contends he was denied his right to a jury trial. In support of this contention, defendant asserts that he was not advised of his right to a jury trial, did not sign a jury waiver, the report of the proceedings for May 28, 1980, does not affirmatively show an admonishment or waiver, and the common law record does not contain a signed jury waiver form; also with the motion for a new trial, trial counsel both

filed affidavits in regard to the alleged jury waiver. The affidavits indicated that defendant did not sign a jury waiver form, that counsel did not waive jury in defendant's presence and that at no time was defendant admonished as to his right to a jury trial.

"Every person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court." (Ill. Rev. Stat. 1977, ch. 38, par. 103—6.) And the trial court must insure that defendant made a knowing and understanding waiver. (*People v. Walton* (1979), 77 Ill. App. 3d 905, 396 N.E.2d 841.) A trial without a jury cannot be upheld where the record is silent as to jury waiver. *People v. Banks* (1979), 71 Ill. App. 3d 15, 389 N.E.2d 180.

■■ In this instance, the report of the proceedings for May 28, 1980, is silent as to defendant's waiver; however, the common law record reflects that all parties were present, defendant entered his not guilty plea, was informed of his right to a jury trial and expressly waived that right. The trial judge at the post-trial hearing also stated that he had a personal recollection of defendant signing the jury waiver form. Thus, defendant's contention that he did not understandingly waive his right to trial by jury is without a foundation, particularly in light of the fact that trial counsel did not call the trial court's attention to this matter during trial.

An analogous situation was presented in *People v. Rettig* (1980), 88 Ill. App. 3d 888, 410 N.E.2d 1099, where the docket entry indicated that defendant waived jury, as did the trial court's comment on the day of trial. We found that the record adequately reflected an express and understanding waiver, as we must do also in the case at bar. See also *People v. Feather* (1976), 42 Ill. App. 3d 974, 356 N.E.2d 885; *People v. Karabatsos* (1971), 131 Ill. App. 2d 33, 266 N.E.2d 764.

*People v. Coleman* (1978), 59 Ill. App. 3d 1050, 376 N.E.2d 277, relied on by defendant, is distinguishable from the case at bar. In *Coleman*, the report of proceedings made no reference to the jury waiver and the docket entry only stated "PLEA NOT GUILTY—JURY WAIVED." We found this evidence insufficient to sustain a jury waiver. Unlike *Coleman*, the docket entry in the pending matter specifically reflects what occurred, as do the trial court's comments.

■■ Defendant also asserts that the trial judge cannot rely solely on his memory in making a correction of the record. (*Hartgraves v. Don Cartage Co.* (1976), 63 Ill. 2d 425, 348 N.E.2d 457.) Thus, the trial court's comments on his jury waiver are impermissible as an addition or amendment to the record. However, the *Hartgraves* opinion left open the question of whether an amendment or addition to the record could be based on "clear memory," when that clear memory did not contradict or impeach the clear contents of the record. In *People v. Whitehead* (1980), 87 Ill. App. 3d 885, 409 N.E.2d 358, defendant asserted that he never

waived his right to a jury trial and the record was silent as to the waiver. The assistant State's Attorney and the presiding trial judge both testified that defendant's attorney waived jury in defendant's presence. We held that the court could allow an amendment without some documentation in the record since the amendment supplied an omission in the record and did not impeach or contradict the contents thereof. In this instance, the trial judge's comments do not contradict the record, but in fact support the docket entry regarding defendant's waiver. While defendant's trial counsel filed affidavits with their post-trial motion asserting otherwise, resolution of any conflicts in the evidence is the responsibility of the trier of fact, and we will not substitute our judgment for that of the trial court. (*People v. Villalobos* (1979), 78 Ill. App. 3d 6, 11-12, 396 N.E.2d 1081.) We believe that the trial court's finding regarding defendant's waiver is not against the manifest weight of the evidence.

■■ Defendant next asserts that his conviction and sentence for possession of diazepam, a Schedule IV controlled substance, should be vacated as section 402(b) (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b)) was found to be unconstitutional in *People v. Natoli* (1979), 70 Ill. App. 3d 131, 387 N.E.2d 1096. Our supreme court upheld the unconstitutionality of section 402(b) as applied to Schedule IV controlled substances in *People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029. The State has conceded this issue, and we are vacating the conviction and sentence on count II.

The third issue defendant raises is that his conviction and sentence under count III charging him with possession of codeine should be void in that section 402(b) of the statute is unconstitutional as applied to Schedule V substances. He charges that since the indictment did not mention the purity of the codeine, we must assume that the possession amounted to *only* a Schedule V controlled substance.

■■ We point out that the flaw in defendant's contention is that he presumes codeine is solely a Schedule V substance. Contrary to defendant's contention, codeine is also classified as a Schedule II controlled substance under the Controlled Substances Act; and at the time of his arrest in July 1978, he could have been charged with illegal possession of codeine under Schedules II, III or V of the Act. The indictment did not state under which schedule of the Act that the charge fell. Defendant was convicted of possession under Schedule II. He acknowledges the constitutionality of the statute regarding Schedule II and III controlled substances (*People v. Bradley*), and he does not dispute that the substance found in his bedroom was codeine. We stated in *People v. Jones* (1981), 99 Ill. App. 3d 882, 425 N.E.2d 1279, that:

> "When the legislature amended schedule II in September of 1977 to specifically include codeine, however, it made no requirements for proof of the presence of a specific proportion of codeine

combined with another substance. Instead, under the present law it is sufficient that the State prove that the substance 'contained codeine' in order to fall within the meaning of schedule II." (99 Ill. App. 3d 882, 888.)

The State met its burden of proof under Schedule II, and it became incumbent upon defendant to affirmatively assert that he came under Schedule V. Defendant also had the option of making a motion to quash or to make more definite count III. Having failed to take any of these appropriate steps, defendant cannot now assert that we must assume that the codeine possession charge came under Schedule V.

Defendant also asserts that his motion in arrest of judgment should have been granted where he was charged under a statute which unconstitutionally classified cocaine as a narcotic drug. He relies on *People v. McCarty* (1981), 93 Ill. App. 3d 898, 418 N.E.2d 26, which held that classification of cocaine as a narcotic was violative of the equal protection clause. Specifically, defendant asserts that he cannot be punished for possession of cocaine, a stimulant, with the same severity as possession of narcotic and addictive substances.

■■ Our supreme court has subsequently reversed the ruling in *People v. McCarty* (1981), 86 Ill. 2d 247, 427 N.E.2d 147, holding that the legislature could define cocaine as a narcotic for purposes of statutory penalties despite scientific and medical opinion that it is not a narcotic. Thus, classification of cocaine as a Schedule II narcotic drug is a reasonable and constitutional classification. As such, defendant's conviction for possession of cocaine is affirmed and his motion for arrest of judgment was properly denied.

Defendant's fifth argument is that his trial counsel's incompetence denied him his right to effective assistance of counsel. As examples, defendant cites that trial counsel made no pretrial motions to dismiss counts II and III, which were based upon a section of the Illinois Controlled Substances Act found to be unconstitutional more than a year prior to trial, counsel failed to enter a jury waiver or to make sure defendant was advised of his right to a jury trial, counsel's motion to suppress the evidence seized pursuant to the search warrant had no coherent theory and did not attack the reliability of the informant, and counsel made no objection to defendant being sentenced to a Class 3 felony under counts II and III even though section 1402(b) had been revised to reflect a Class 4 felony. Defendant thus submits that the prejudice resulting from counsel's incompetence caused him to be sentenced to five years each on two counts of the indictment, which do not state any criminal offense.

In *People v. Talley* (1981), 97 Ill. App. 3d 439, 422 N.E.2d 1084, we held that the standard for determining competency of counsel is whether

counsel was actually incompetent and caused such substantial prejudice to defendant that the outcome was probably changed.

■■ We have already vacated the conviction and sentence relating to count II based on *People v. Bradley.* Count III concerns the possession of codeine, which has withstood constitutional scrutiny in *People v. Bradley* and *People v. Jones* and clearly states a criminal offense. Further, the record belies the assertion of counsel's incompetency. Errors in judgment or trial strategy do not establish incompetency. (*People v. Murphy* (1978), 72 Ill. 2d 421, 381 N.E.2d 677; *People v. Jackson* (1981), 100 Ill. App. 3d 318, 426 N.E.2d 1132.) An examination of the record[1] discloses that defendant received competent representation at trial, where his counsel thoroughly cross-examined prosecution witnesses, made numerous and vigorous objections at trial and demonstrated familiarity with the evidence and theories of the case in closing argument. Trial counsel's competency must be measured by the totality of counsel's conduct at trial. (*People v. Murphy.*) And, defendant is entitled to only competent, not perfect or successful, representation. (*People v. Torres* (1973), 54 Ill. 2d 384, 297 N.E.2d 142.) We are compelled to conclude on the record before us that defendant received competent representation.

Also raised as an issue is the State's failure to prove constructive possession by defendant beyond a reasonable doubt. Defendant admitted that he possessed the 13 grams of cocaine found in his jacket but denied possession of any of the other cocaine and denied possession of the marijuana plants and seeds found on the nightstand of his third-floor bedroom.

■■ To support a conviction for unlawful possession of a controlled substance, it is not necessary for the State to establish actual physical possession of the substance; rather, proof of constructive possession is sufficient to uphold the trial court's decision. (*People v. Curry* (1981), 100 Ill. App. 3d 405, 426 N.E.2d 1118.) In *People v. Nettles* (1961), 23 Ill. 2d 306, 308-09, our supreme court stated:

> "* * * that where narcotics are found on the premises under the control of defendant, this fact, in and of itself, gives rise to an inference of knowledge and possession by him which may be sufficient to sustain a conviction for unlawful possession of narcotics, absent other facts and circumstances which might leave in the mind of the jury, or of the court where a jury is waived, a reasonable doubt as to his guilt."

■■ The record in the instant case clearly reflects defendant leased and resided at the address in question and shared the bedroom with his

---

[1] At oral argument, counsel's motion to supplement the record was allowed with a 10-day deadline. Counsel did not file the supplemental record within the 10-day period. Thus, particular references to this record cannot properly be considered.

girlfriend, where the other drugs were found. The fact that other persons had access to the apartment and bedroom is insufficient to defeat a charge of constructive possession. (*People v. Luetkemeyer* (1979), 74 Ill. App. 3d 708, 713, 393 N.E.2d 117.) Moreover, defendant walked into his own apartment carrying 13 packets of cocaine in his jacket. We believe the facts and circumstances in this instance support the inference that defendant exercised sufficient dominion and control over the narcotics found in his apartment to support his conviction.

Lastly, defendant argues that his sentence was excessive in that he had no prior criminal record. It is not the function of the appellate court to substitute its judgment for that of the trial court merely because it might have balanced the appropriate factors differently if the task of sentencing had been reserved to it. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) Absent an abuse of discretion, a sentence will not be altered upon review. *People v. Clay* (1981), 98 Ill. App. 3d 534, 424 N.E.2d 814.

■■ All of the sentences imposed upon defendant were well within the statutory limits for the offenses charged and were carefully considered before their imposition. We have already vacated the sentence imposed under count II of the indictment and do not find the remaining sentences to be excessive.

For the foregoing reasons, we must affirm the judgment of the trial court, with the exception of the conviction and sentence imposed under count II of the indictment, which is heretofore vacated.

Affirmed in part; vacated in part.

LORENZ and MEJDA, JJ., concur.