[redacted]

**Ronald BROWNSTEIN, Petitioner,**

**v.**

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS and State's Attorney of Cook County, Illinois, Respondents.**

**No. 83 C 3477.**

United States District Court, N.D. Illinois, E.D.

June 15, 1983.

Supplemental Opinion June 20, 1983.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Kenneth N. Flaxman, Chicago, Ill., for petitioner.

Richard M. Daley, State's Atty. of Cook County, Kevin Sweeney, Asst. State's Atty., Chicago, Ill., for respondents.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Ronald Brownstein ("Brownstein") has brought this 28 U.S.C. § 2254 ("Section 2254") habeas corpus proceeding against the "Circuit Court of Cook County" and the

"State's Attorney of Cook County."[1] Brownstein claims his failure to waive his constitutional right to a jury trial vitiates his state court conviction. Respondents now move pursuant to Fed.R.Civ.P. ("Rule") 56 for summary judgment. For the reasons stated in this memorandum opinion and order, the petition is instead dismissed without prejudice in accordance with Section 2254(b) and (c).

### Background

After a state court bench trial, Brownstein was convicted of four offenses involving possession of controlled substances. Brownstein (represented by new counsel) then moved for a new trial, asserting he had never signed the jury waiver form or otherwise waived his right to a jury trial. In support of that motion, Brownstein's counsel originally relied on (1) the absence of a written waiver from the court record and (2) the silence of the transcript as to any admonitions in that respect, then sought to present oral testimony from the court clerk to confirm the latter. In response the trial judge refused to convene any evidentiary hearing and denied the motion based on two factors:

1. For the critical date the court clerk's entry on the half sheet read:

Parties present. Plea of Not Guilty heretofore entered. The defendant advised as to his right to jury—trial by jury; waives jury trial and now signs waiver; testimony heard. Continued to 9–24–80.

2. That entry tracked the judge's own stated recollection:

I have a personal recollection of him signing the jury waiver form. The fact that there is not one in the file is troubling to me, but I do know that people other than the Court has excess [sic] to those files. . . . I observed the defendant Ronald Brownstein execute a jury waiver. I also indicated that I

observed in open Court the defendant waive his right to trial by jury, having been questioned by this Court as to whether or not he wished to proceed to a Bench or Jury Trial. Now, I see no reason to proceed any further in that direction.

Later Brownstein moved for reconsideration, offering affidavits from his trial counsel to negate the jury waiver. That motion was denied on the ground the trial court no longer had jurisdiction.

Brownstein appealed his conviction, specifically raising his Sixth Amendment claim. In affirming Brownstein's conviction, the Illinois Appellate Court rejected that argument:

We believe that the trial court's finding regarding defendant's waiver is not against the manifest weight of the evidence.

*People v. Brownstein,* 105 Ill.App.3d 459, 463, 61 Ill.Dec. 352, 355, 434 N.E.2d 505, 508 (1st Dist.1982). Later the Illinois Supreme Court denied Brownstein leave to appeal.

Brownstein did not pursue any state remedies under the Illinois Post-Conviction Act (the "Act"), Ill.Rev.Stat. ch. 38, §§ 122–1 to 122–7. Instead he instituted this habeas corpus proceeding.

### Exhaustion of State Remedies

To qualify for habeas relief, Brownstein must have exhausted his available state remedies, as required by Section 2254(b). Respondents contend Brownstein failed to meet that threshold mandate by neglecting to pursue available post-conviction remedies. They are right.

■ Brownstein plainly has standing to sue under the Act as a "person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States." Ill.Rev.Stat. ch. 38, § 122–1. However, as both sides recognize, the avail-

---

1. Because Brownstein's petition is non-sustainable for the reasons discussed in the text, this opinion will not deal with any possible infirmities in the naming of respondents (respondents have just tendered a motion in that respect, which they had scheduled for presentation to this Court June 16).

ability of *relief* under the Act depends on the applicability of the Illinois doctrines of res judicata and waiver. As *People v. James,* 46 Ill.2d 71, 263 N.E.2d 5 (1970) teaches, those concepts ordinarily foreclose consideration of any issues that were or could have been presented on direct appeal from a conviction. Concededly Brownstein advanced his Sixth Amendment claim on direct appeal (as well as on his post-trial motion). Consequently his habeas petition cannot be dismissed for failure to exhaust available post-conviction remedies unless "there is direct precedent indicating that under the particular circumstances . . . the waiver [and res judicata] doctrine[s] will be relaxed." *Perry v. Fairman,* 702 F.2d 119, 121 (7th Cir.1983), quoting *United States ex rel. Williams v. Brantley,* 502 F.2d 1383, 1386 (7th Cir.1974) (brackets in original).

■ Illinois' "non-record evidence" exception to the *James* waiver and res judicata doctrines affords the requisite "direct precedent" that in all likelihood [2] would enable Brownstein to initiate a post-conviction proceeding. Under that exception claims "based in substantial part on evidence outside the record" are not waived for purposes of the Act. *United States ex rel. Williams v. Israel,* 556 F.2d 865, 866 (7th Cir.1977). Because Brownstein's Sixth Amendment claim is almost wholly grounded on evidence contained in neither the trial nor the appellate record, that exception is squarely applicable.

2. There is no contradiction between this "in all likelihood" statement and the "direct precedent indicating . . . relax[ation]" standard of *Perry* and *Williams.* Two contrasting policies are at work in the current law of federal habeas: on the one hand the desire to preserve the historical role of the Great Writ, and on the other the desire to give the state courts a full opportunity to correct constitutional errors before federal courts intervene in the state criminal justice system. If a strong probability exists, based on state precedents, that a state remedy exists to afford such correction, that meets the *Perry-Williams* test—and that is what this Court has concluded is true "in all likelihood."

3. If the trial judge was right on his lack of jurisdiction over the motion to reconsider (a

Though no Illinois court has addressed the issue, it is perhaps arguable the non-record evidence exception should be unavailable when the petitioner had (though he eschewed) an earlier opportunity to supplement the record in the original criminal proceedings.[3] But that speculative possibility is certainly not founded on "direct precedent." Moreover Brownstein clearly did not have a meaningful opportunity to introduce his currently tendered evidentiary support for the claim. As will be recalled, the trial judge rejected Brownstein's Sixth Amendment claim largely on the strength of his own recollection of Brownstein's having waived his right to a jury trial in open court. Such express reliance on the judge's own observations—his own testimony as a witness, as it were—foreclosed any realistic possibility of his objectively assessing non-record evidence.[4]

In short it is highly probable Brownstein could seek post-conviction relief under the Act. Any possibility that an Illinois court would refuse to entertain Brownstein's post-conviction petition under the non-record evidence exception does not counsel against dismissal on exhaustion grounds. As this Court said in *United States ex rel. Mitchell v. DeRobertis,* 553 F.Supp. 93, 96 (N.D.Ill.1982):

> [A]ppropriate concerns for "Our Federalism" require that the issue be posed directly to the state court system, rather than this Court's speculating that the Illinois courts would be unwilling to consider constitutional claims on the merits.

point on which Brownstein's present counsel appears to concur, see June 6, 1983 Mem. at 6 n. [4] ), the principal non-record evidence now sought to be adduced—the testimony of Brownstein's trial lawyers—was never properly advanced before the trial court. And the court clerk's testimony, though Brownstein's trial lawyers did ask leave to call her, is also not in the record.

4. By contrast the judge presiding at Brownstein's post-conviction proceeding would be in a position to weigh the trial judge's testimony (which would be subject to cross-examination) and any other evidence supporting waiver against the evidence proffered by Brownstein.

## Conclusion

This Court had previously ordered respondents to answer the petition and had set the matter for an evidentiary hearing on the theory Brownstein might be correct in arguing exhaustion of his state remedies. As this opinion reflects, full consideration of the matter has led to the conclusion a postconviction remedy available to Brownstein under Illinois law has not been invoked by him. Accordingly Brownstein's habeas corpus petition is dismissed under Section 2254(b) and (c) without prejudice, due to his failure to exhaust available state remedies.

After the conclusion reached in this opinion had been announced to counsel for both parties in open court, Brownstein's lawyer asked for a certificate of probable cause under Fed.R.App.P. 22(b).￼ For the same reasons expressed in this opinion as to the non-exhaustion of state remedies—because of Illinois' "direct precedent" making the Act's remedy available to Brownstein—this Court is of the view that a certificate should not issue.

## SUPPLEMENTAL OPINION

On June 15, 1983 this Court issued its memorandum opinion and order (the "Opinion") denying without prejudice the habeas corpus petition filed by Ronald Brownstein ("Brownstein") and denying a certificate of probable cause under Fed.R.App.P. 22(b). This supplement to the Opinion is written sua sponte, simply to reflect this Court's rereading of our Court of Appeals' most recent pronouncement in this area of the law, the per curiam opinion in *Gray v. Greer*, 707 F.2d 965 (7th Cir.1983).[1]

*Gray* recapitulated the same principles of Illinois law dealing with the Illinois Post-Conviction Hearing Act that were reviewed in the Opinion, then applied the Court of Appeals' own holdings on the exhaustion requirement of 28 U.S.C. § 2254(b) in light of those Illinois doctrines. Its controlling authorities cited in the latter respect were

*Perry v. Fairman*, 702 F.2d 119 (7th Cir. 1983) and *United States ex rel. Williams v. Brantley*, 502 F.2d 1383, 1386 (7th Cir.1974), the identical authorities referred to in the Opinion at 109. Nothing in *Gray* is in any respect inconsistent with the Opinion's analysis or its conclusion, both of which are hereby reconfirmed.

---

1. This Court had read *Gray* immediately upon its issuance, but had not recalled it to mind during the writing of the Opinion (the case being so recent that it was not cited by the litigants). This past week's issue of West's Federal Case News referred to *Gray* and triggered this Court's recollection.